EDAVIEL CORP., Landlord, Respondent, *v.* PATRICIA BOYKIN, Tenant and Third-Party Plaintiff-Respondent. WILLIAM A. BOYKIN, JR., Third-Party Defendant-Appellant.

Supreme Court, Appellate Term, First Department, February 18, 1954.

*Caesar L. Pitassy* and *Justin W. D'Atri* for third-party defendant-appellant.

*Edward S. Friedland* for third-party plaintiff-respondent.

*Samuel Pecker* for respondent.

*Per Curiam.* The summary statute (Civ. Prac. Act, § 1425) provides: '' If the precept contain a notice that demand is made in the petition for a judgment for rent in arrears, and the precept is served at least five days before the return day thereof, the court, upon rendering a final order, may determine the amount of rent due to the petitioner and give judgment for the amount found to be due.''

There is no provision in the summary statute for third-party practice.

The provisions for third-party practice contained in section 193-a of the Civil Practice Act are applicable to actions — not to summary proceedings, as was attempted by serving summons and complaint to bring in the third party in this instance.

Manifestly the court below had no jurisdiction to incorporate a third-party judgment in a final order in a summary proceeding. (See *Erkins* v. *Tucker,* 62 Misc. 495.)

Although a specific appeal from the third-party judgment incorporated in the final order was unnecessary, because of the lack of jurisdiction of the subject matter, the third-party defendant appealed from the final order and each and every part thereof.

The judgment in favor of the third-party plaintiff-respondent against the third-party defendant-appellant should be vacated, with $30 costs, and complaint dismissed, with costs, without prejudice to such other remedy as third-party plaintiff-respondent may be advised.

HOFSTADTER, J. (dissenting). The question whether third-party practice is available in summary proceedings is not squarely presented by the record and, therefore, is not reached. The husband appellant moved below, before trial, for dismissal of the third-party complaint, presumably on the ground urged on this appeal that a third-party complaint may not be served in a summary proceeding. Leave to appeal from the order denying his motion was refused both by the Municipal Court and by the Appellate Term. The husband proceeded to trial on the merits and, on the trial did not move for dismissal on the ground theretofore urged by him. Nor in his notice of appeal from the final order and judgment did he specify the order for which he had unsuccessfully sought review by direct appeal as one to be reviewed on the present appeal. In the circumstances, I am of the opinion that he must be deemed to have waived the objection. I, therefore, dissent.

HAMMER and HECHT, JJ., concur; HOFSTADTER, J., dissents in opinion.

Judgment accordingly.