Francis J. Donovan, J.
In this summary proceeding, the landlord seeks an order of eviction and a judgment for nonpayment of rent, from March through September, 1970. The tenant, alleging that she was a recipient of public assistance, has impleaded the Nassau County Department of Social Services. In a third-party petition and in her answer to the petition, she alleges that the Department of Social Services withheld the rent pursuant to section 143-b of the Social Services Law and that the department was obliged to pay her a shelter allowance to -cover the rents in suit.
The third-party respondent moves to dismiss the third-party petition as insufficient in law, citing Dilger v. Nassau County Dept. of Social Servs., decided by Judge Márchese of this court in the Second District, Hempstead, index number 4545/68.
Dilger (supra) was a case involving a refusal -of the Department to approve housing where the rental exceeded a limit fixed by the department.
Here the petition alleges a rental approved by the department but withheld solely -on the ground that certain violations *139 of law affecting life and health existed in the premises justifying the withholding of rent by the department on its part, and constituting a defense to the eviction proceeding on the part of the tenant.
There is no issue between the tenant and the department here as there was in Dilger.
The department acted as agent for the recipient. It had public funds available to pay the rent. Presuming to act under authority conferred by section 143-b of the Social Welfare Law,. it intruded into the rental agreement between the landlord and the recipient. If its action was proper, the rent abated and tenant is not liable. If its action was improper then tenant is liable because of the department’s action.
There is no reason if the alleged facts are true, why the department should not be liable to the tenant for any judgment recovered by the landlord. The whole burden of defense should properly be borne by the department. It is the active party; it has the information; and it made the determination to not pay. The real controversy is between the landlord and the department. Unless there is a procedural bar, the department’s liability should be determined in this proceeding.
The question now comes: Does 'CPLB 1007 apply to summary proceedings? Can the department be impleaded?
Edaviel Corp. v. Boykin (205 Misc. 622) held that the third-party practice contained in section 193-a of the Civil Practice Act did not apply to summary proceedings. The Per Curiam opinion in that case rested squarely upon the provisions of section 1425 of the Civil Practice Act which provided that the court was authorized to ‘ ‘ give judgment for the amount found to be due.”
The Beal Property Actions and Proceedings Law is broader. Section 747 (subd. 1) provides: “ The court shall direct that a final judgment be entered determining the rights of the parties.”
There has been a history of controversy as to whether various procedural rules, applicable to actions generally, apply to summary proceedings. For example: Is a motion for summary judgment permissible in a summary proceeding? The court, in Metropolitan Life Ins. Co. v. Carroll (43 Misc 2d 639) answered this question in the affirmative. In reasoning to its conclusion the court relied on recent changes effected by the Beal Property Actions and Proceedings Law and the policy of expediting summary proceedings.
The court said at page 641: ‘ ‘ Are we not hypercritical in holding that a motion for summary judgment is not applicable to a summary proceeding? It would seem that since the pur *140 pose of the summary proceeding is to provide a means for an expeditious determination, anything which will afford even speedier justice is not opposed to the philosophy of the summary proceeding.”
This statement may be applied to the motion now before us. Permitting the impleader will expedite the disposition of the entire controversy.
It is the opinion of this court that the petition impleading the Nassau County Department of Social Services is authorized by CPLR 1007 and is sufficient in law.
The motion to dismiss the petition is denied.