Robert W. ‘Cacace, J.
In this summary proceeding the tenant, a welfare recipient, has upon oral request been given permission by the court to implead as a third-party defendant, Louis B. Kurtis,; Commissioner of the Department of Social Services of the County of Westchester. ‘The third-party respondent appears specially and moves for a dismissal of the proceeding against him by written motion.
The facts are as follows: Respondent tenant Reather Blakney, together with her 11 children is a recipient of public assistance under the Social Services Law of the State of New York. The rent for the premises occupied by them at 95 Orchard Street, Yonkers, in the amount of $250 per month, was paid by the Department of Social Services of Westchester County until the *433 month of November, 1971. For November, 1971 and the succeeding months, rent for the apartment was withheld by the Department of Social Services under section 143-b of' the Social Services Law on the ground that building violations existed. The department on October 27,1971 informed the landlord of this situation, reaffirmed its position to the landlord on May 15, 1972, and in furtherance of its position ceased to include the allowance for rent heretofore given the respondent tenant after November 1, 1971, so that the respondent-tenant had no money to pay to her landlord for rent.
The third-party respondent objects to the procedure of impleader on these grounds: That impleader is not a proper remedy for a summary proceeding; that there is no merit to the claim of respondent tenant against the Department of Social Services; and that, in any event, no action can be commenced against the County of Westchester under section 52 of the County Law, and sections 50-e and 50-i of the General Municipal Law, without notice of claim being filed, which was not done.
IMPLEADER IK A SUMMARY PROOEEDIKG
The third-party respondent takes the position that because the proceeding herein is governed by the Real Property Actions and Proceedings Law and it is a “ summary proceeding,” third-party practice is not permitted (Edaviel Corp. v. Boykin, 205 Misc. 622).
The basic argument of the third-party defendant is that the expansion of the procedural remedies to allow third-party practice would negate the summary nature of the proceeding in that the rights incident to a lawsuit, such as that of having an examination before trial, demanding and receiving a bill of particulars, amending answers, etc., would be denied or, conversely, if these rights were preserved, then the proceeding could no longer be disposed of summarily.
The history of laws in relation to summary proceedings in this State is set forth in Rasch, New York Law of Landlord and Tenant ([2d ed.], § 993). In that work, the expansion of the remedy from a very limited beginning to the law as we know it today is outlined. Basically, we have had a limited in rem statutory proceeding for possession only evolve into an expanded proceeding, still basically in rem, but allowing judgment for rent, as well as, possession, and allowing counterclaims (Real Property Actions and Proceedings Law, § 743; Magnotta v. Parkway Fleetwood Bldg., 277 App. Div. 896).
In the Edaviel case (supra), the Appellate Term, First Department, based its decision on the language of section 1425 of the *434 Civil Practice Act, which provided that ‘ ‘ The court, upon rendering a final order, may determine the amount of rent due to the petitioner and give judgment for the amount found to be due.”
The Legislature in enacting section 747 (subd. 1) of the Real Property Actions and Proceedings Law, saw fit to broaden the power of the court by stating that “ The court shall direct that a final judgment be entered determining the rights of the parties.” At least one court has determined, in a case substantially similar to the instant matter, that this language expanded the remedies of a tenant, and has held that the Department of Social Services could be impleaded (Blackman v. Walker, 65 Misc 2d 138). This court agrees with that conclusion. The argument that remedies would not be available to the impleaded respondent is unpersuasive. It may be that in a particular situation the remedies alluded to by the third-party respondent would be sufficiently compelling to cause the court to bar an impleader under the discretionary rule (CPLR 401), but this potential situation should not adversely affect the many benefits that could and should accrue from the impleader rule.
IMPLEADER IN THIS CASE WHERE THE RESPONDENT IS A WELFARE
RECIPIENT AND THE THIRD-PARTY RESPONDENT IS THE DEPARTMENT OF SOCIAL SERVICES
The third-party respondent, citing section 353 of the Social Services Law, argues that it should not be impleaded for the reason that the respondent, a welfare recipient, is relegated to an article 78 proceeding after her administrative remedies are exhausted and that she has no cause of action against the Department of Social Services.
This section does not apply in this situation. The respondent tenant is not interested in reviewing the determination of the Department of Social Services. Indeed, she has a vital interest in supporting that determination, for she is living in the premises which have allegedly been allowed to become substandard, and she, not the Department of Social Services, is the recipient of the legislative protection under section 143-b of the Social Welfare Law (now Social Services Law).
There is no controversy here in regard to whether or not the respondent is eligible for welfare or whether or not the rent for the apartment is excessive and beyond the guidelines of the Department of Social Services or that the respondent tenant is in any way not entitled to the assistance mandated by the State Legislature.
*435 In the unreported cases of the Civil Court of the City of New York, cited by the third-party respondent, all except one are founded on the concept that a controversy existed between the Department of Social Services and the tenant, and in the one ease the decision is based on the preceding cases with the additional statement that the court did not agree with the Blackman case (65 Misc 2d 138, supra). This court, for the reason set forth above and the reason set forth in the Blackman case, wherein Judge Donovan stated (p. 139): “ The department acted as agent for the recipient. It had public funds available to pay the rent. Presuming to act under authority conferred by section 143-b of the Social Services Welfare Law [now Social Services Law], it intruded into the rental agreement between the landlord and the recipient. If1 its action was proper, the rent abated and tenant is not liable. If its action was improper then tenant is liable because of the department’s action ”, is of the opinion that impleader is desirable and necessary in this instance.
FILING A NOTICE OF CLAIM IS NOT REQUIRED BY THE THIRD-PARTY PLAINTIFF
The third-party respondent further argues that a notice of claim under section 52 of the 'County Law and sections 50-e and 50-i of the General Municipal Law was not filed, and that this failure is fatal to the action of the cross complaint.
It has been decided and is the law of this State that compliance with the aforesaid statutes is not a prerequisite to a third-party complaint (Matter of Valestry Serv. Corp. v. Board of Elections, Nassau County, 2 N Y 2d 413; Accredited Demolition Constr. Corp. v. City of Yonkers, 37 A D 2d 708; Antonelli v. City of Mount Vernon, 20 Misc 2d 331).
Accordingly, the motion of the third-party respondent to dismiss the third-party petition is denied in all respects. Submit order.