Leonard H. Sandler, J.
On this motion to reconsider a previous order of this court dismissing the third-party complaint, additional facts have been presented which alter quite radically the nature of the legal issues presented.
I am now convinced that the previous order should be vacated and the motion for summary judgment denied.
More than that, the virtually undisputed facts before me make it the clear duty of the Department of Social Services to reopen the matter, wholly without regard to the technical issues before the court, and to rectify what appears to have been a palpable error on their part.
This lawsuit was commenced by the Society of the New York Hospital (Hospital) for the reasonable value of medical services rendered Charles Blake (Blake). Blake’s third-party complaint asserts in substance his eligibility for Medicaid assistance to pay the claim, and that the primary responsibility for payment *306 should be placed on the Department of Social Services (Department).
The facts which may be taken as established on this motion for summary judgment (and which indeed appear in fact to be true) are these.
When Blake was admitted to the Hospital on May 23, 1971, he gave information disclosing his apparent eligibility for Medicaid. In accordance with the established procedure the Hospital forwarded an application for medical assistance.
In a decision communicated to Blake by letter dated July 12, 1971, a copy of which was .subsequently sent to the Hospital, the application was in effect rejected on the basis of a conclusion, which now appears to have been erroneous, that the net income of Blake’s family was $4,820. The factual basis for this determination has not been advanced in the papers submitted to me by the Department. On the contrary, it has been convincingly shown that the true income was far below that found by the Department, and that Blake was entitled under the controlling regulations to substantial assistance in payment of the Hospital bill.
The letter of rejection to Blake informed him of his right to request a “ fair hearing ”, but, inexcusably in my view, did not inform him of the method for securing such a hearing, of the time within which it should be sought, of his right to counsel or other assistance, or of the availability of legal service organizations. Subsequent regulations of the Department have made mandatory • that which should have been done as a matter of common sense and ordinary fairness.
In a letter dated December 2,1971, Blake’s wife informed the Department of the family’s correct income and requested a hearing. The letter was neither answered nor acknowledged, and the Department has offered no explanation for this disturbing omission.
Some months later, long after the expiration of the time to commence an article 78 proceeding, the Hospital commenced this lawsuit, and Blake, now assisted by the Legal Aid Society, interposed the third-party action.
For the most part, the arguments presented in support of the motion to dismiss seem to me patently lacking in merit.
As to the contention that the third-party action is barred by the omission to serve a verified notice of claim on the Controller under section 394a-1.0 of the Administrative Code of the City of New York, it suffices to point out that the requirements of the section are inapplicable to third-party actions,
*307 In considering the identical argument with regard to the notice provisions of section 50-e of the General Municipal Law the Court of Appeals held that the policy of third-party practice to avoid circuity of actions would be thwarted by the imposition of such notice requirements. (Matter of Valstrey Serv. Corp. v. Board of Elections, Nassau County, 2 N Y 2d 413 [1957].) The reasoning of the Valstrey ease applies with at least equal force to the provision of the Administrative Code here relied on by the Department.
Quite apart from this controlling decision, it should be noted that the applicability of section 394a-1.0 to other than negligence or nuisance cases has been disputed by very persuasive authority (Redner v. City of New York, 53 Misc 2d 148, 149 [Civ. Ct. of City of N. Y., 1967]) and that it has also been held that the notice provision need not be complied with where it would clearly be a useless act. (Redner, supra; 23 Carmody-Wait 2d, New York Practice, § 144:89.)
Turning to the further contention of the Department that Blake had failed to exhaust his administrative remedies, I find it hard to believe that this contention is seriously maintained in light of the undisputed fact that Mrs. Blake had in fact requested a hearing, and had not recived even the courtesy of a response.
If it should be assumed that the request was ignored because not timely made (a position not stated in the papers before me), I would hold the failure of the Department to inform Bláke either of the time within which to appeal or the method as whqlly precluding the application of the exhaustion of remedies doctrine.
Nor can I perceive any substance whatever to the further argument of the Department that a third-party action cannot stand because the Medicaid is a vendor program under which payments are intended to be made to the supplier of medical services, not the patient. Where the intended beneficiary is exposed to a heavy obligation because administrative error has deprived him of that to which he is entitled, I find utterly unacceptable the claim that the vendor character of the program prevents the court from fixing responsibility for payment where it belongs.
The one question presented which the court has found troublesome (not argued in the papers but touched on orally) is the impact on this court’s power of the special procedure for review administrative actions provided in article 78 proceedings. Indeed the interrelationship of such proceedings with the power of the courts to adjudicate in other ways issues arising out of *308 administrative actions, seems to me in general obscure and in urgent need of clarification.
What is quite plain is that it would result in a grave injustice to Blake and to many other intended beneficiaries of the Medicaid program for this court to conclude that the only remedy for the kind of problem presented is to be found in an article 78 proceeding. The social realities of the basic situation almost guarantee that many victims of administrative errors will not comply with the four-month time requirement for such proceedings. (CPLR 217.)
The intended beneficiaries of the Medicaid program are poor people, of limited resources, not likely to have ready access to lawyers, or to be sensitively aware of when they require legal advice or help. The administrative rejection of a Medicaid application does not have the kind of immediate impact that sends people scurrying for legal help. The significance of the rejection and the need for legal assistance become apparent only when an action is commenced by the hospital and the patient is faced by the grim prospect of a heavy judgment far beyond his financial capacity to pay. It is at that point, usually long after the time for article 78 has expired (as in this case), that lawyers or legal service groups are contacted for the first time.
Moreover, it is apparent that the issue is not simply a two-party contest between a patient and the Department but requires the adjudication of the rights and responsibilities of the supplier of medical services as well.
In a very thoughtful decision (Knickerbocker Hosp. v. Downing, 65 Misc 2d 278 [Civ. Ct. of City of N. Y., 1970]), my colleague Judge Davis reasoned persuasively that the true recourse of the hospital on the facts before him was against the Department and not the patient. I am persuaded that would be true of many cases arising in this area.
At the very least, where the issues involve adjudication among several parties of the kind involved here, sound judicial policy clearly requires that the court should determine all of the issues presented in a single lawsuit. .
Accordingly, for the reasons indicated, the previous order Of the court is vacated, and the motion to dismiss the third-party complaint is denied.