Irving Rader, J.
This is an order to show cause to vacate the default of the tenant in this summary proceeding for non *688 payment of1 rent, and to implead the New York City Department of Social Services as a party respondent in this proceeding. The motion to reopen the default of the tenant is granted.
The remaining issue, whether to implead the New York City Department -of Social Services, involves questions of law. First, does this court have jurisdiction to implead a third-party respondent in a summary proceeding? In the case of Edaviel Corp. v. Boykin, (205 Misc. 622), the Appellate Term held: “ There is no provision in the summary statute for third-party practice.” The latter case was prior to CPLR 401, wherein an application for an order to implead a third party in a special proceeding is permitted by leave of the court. Nevertheless, the Real Property Actions and Proceedings Law has no provision for a third-party order for jurisdiction to incorporate a third-party judgment in a final order.
The next question is: does the Civil Court of the City of New York have jurisdiction over the New York City Department of Social Services in its administrative capacity? Under section 353 of the Social Services Law, a welfare recipient who feels he is aggrieved has a right to a statutory fair hearing. At such hearing, the party aggrieved is entitled to counsel, to present any witnesses, and to cross-examine witnesses. Stenographic minutes are recorded. The rulings of a fair hearing are binding upon the officials involved. If a welfare client has exhausted his administrative remedies, his next remedy is an article 78 proceeding in the Supreme Court. The Civil Court of the City of New York is not the forum to litigate a determination of the Department of Social Services regarding public assistance. A summary proceeding in this court would not be binding on the New York City Department of Social Services.
The third question: does subdivision (d) of section 110 of the New York City Civil Court Act (“ Housing part”) serve as a statutory basis to join the Department of Social Services? Subdivision (d) of section 110 of the New York City Civil Court Act authorizes the joining of any city department or any person “as a party in order to effectuate proper housing maintenance standards and to promote the public interest.” This section applies to maintenance and repair of buildings. It is meant to give authority to the New York .City Housing and Development Administration to intervene in a summary proceeding, where necessary, for the rehabilitation of the dwellings. The Legislature could not have intended to establish a liability for another person’s rent by this section. The statute, cannot be construed by implication. If it were, the Social Services Depart *689 ment would be impleaded in almost every summary proceeding by the tenant, on the ground that that person is in need of public assistance. There is no statutory provision for the impleader of the New York City Department of .Social Services.
Accordingly, the motion to implead the Department of Social Services of the City of New York is denied.