Nat H. Hentel, J.
Tenant in this residential nonpayment proceeding concedes she owes March, April and May, 1974 rent totaling $750. Motion of landlord to amend petition to include May, 1974 rent is, accordingly, granted.
Tenant, however, claims she has been the recipient of public assistance since on or before August, 1973, and on or about March 11, 1974, Department of Social Services of the City of *391 New York has withheld paying her $250 monthly shelter allowance without notifying her in writing, or otherwise, of the reason or authority for so doing. Without the shelter-allowance payments, landlord naturally commenced this summary proceeding, whereupon tenant was motivated to bring this motion to implead the department as third-party respondent before the hearing on the summary proceeding could be heard by this court. Tenant’s grounds in support of her motion, argued orally before the court on May 7,1974, is that the Commissioner of Social Services should be added as party respondent “ in order to effectuate proper housing maintenance and to promote the public interest ’ ’, which is essentially the language of subdivision (d) of section 110 of the New York City Civil Court Act. The Housing Part of this court is established by said section 110.
At the outset, this court acknowledges that such motions were routinely denied prior to. the effective date, October 1, 1973, of the Housing .Court Act. (See Lichman Far Haven Apts. v. Davis, Civ. Ct., City of N. Y., Queens County, L & T 23618/1969 [Boyers, J.], citing Edaviel Corp. v. Boykin, 205 Misc. 622; Freudenberg v. Cruz, Civ. Ct., City of N. Y., New York County, L & T 9547/1970, Nov. 13, 1970 [Nusbaum, J.]; Sanchez v. Moreno, Civ. Ct., City of N. Y., Kings County, L & T 60669/1970, Jan. 26, 1971 [Aronin, J.]; In-Mar Realty Corp. v. Watson, Civ. Ct., City of N. Y., Bronx County, L & T 44108/1971, June 11, 1971 [Klein, J.].)
However, since the advent of the Housing Court, this court has read with interest the opinions of its colleagues, Judge Nusbaum of the New York County Division, in Rothbaum v. Ebel (77 Misc 2d 965); and of Judge Welcome of the Kings County Division, in Estate of Weiss v. Downing (N. Y. L. J., May 20, 1974, p. 20, col. 5). Judges Nusbaum and Welcome have now held that the Department of Social Services is a proper third-party respondent to be impleaded in eviction proceedings for nonpayment of rent under the enunciated legislative intent of creating a Housing Court to accomplish the imperative public policy of ‘ ‘ preserving, maintaining and upgrading the housing stock of New York City.”
This court finds Judge Nusbaum’s language in the Rothbaum v. Ebel case (supra, pp. 968-969) most persuasive when he states: “Bents must be paid and if one of the parties that may be charged with the duty of paying the rent is the Department of Social Services, then the Department of Social Services is a necessary party to the proceeding, if upon the trial of this proceeding the respondent-tenant establishes her right to the receipt *392 of public assistance * * * then the true party in interest is the Department of Social Services (Citing Sessa v. Blakney, 71 Misc 2d 432, supra; Blackman v. Walker, 65 Misc 2d 138, supra.)
On the other hand, my good colleague Judge Rader of the Kings County Division, has held opposite to Judges Nusbatjm and Welcome in his decision in Gorman v. Gorman (77 Misc 2d 687), in which he held there is no statutory authorization for impleading the Department of Social Services in a nonpayment proceeding under section 110 of the New York City Civil Court Act. (See comment of Messrs. Morris and Levin, Weekly Realty Law Digest, N. Y. L. J., May 15, 1974, p. 5, cols. 1-4.) Judge Rader’s position is that section 110 applies only to maintenance and repair of buildings. Counsel to the' department also advances many arguments in his brief in opposition to tenant’s motion herein, including arguments that department is not liable for rent in a summary proceeding; a tenant may not implead department if other adminstrative remedies are available and have not been exhausted, such as an article 78 proceeding to determine whether department has acted properly; there is no privity between department and any landlord suing for rent: department is not a guarantor of rent required under a lease; tenant’s motion to implead department is without merit; etc.
This court does not intend to usurp the function of the Appellate Terms of the First or Second Judicial Departments or of any higher appeals court, to determine ultimately the extent of the Housing Court’s authority to implead any person or city department upon motion of any party, city department, or even of the court itself, under the statutory provisions of subdivision (d) of section 110 of the New York City Civil Court Act. However, in the absence of any higher court ruling on this issue, thus far, this court tends to agree with its colleagues, Judges Nusbaum and Welcome in that under appropriate circumstances, and under the imperative public policy enunciated by section 110, a Housing Court Judge may properly exercise broad judicial discretion and implead any governmental agency to solve any housing problem.
In this instant case, it is the belief of this court that the meaning and construction of section 110 need not be argued in the abstract, or purely as a matter of law, as to its applicability. This court finds the facts to be a sufficiently compelling nature as to leave little choice other than to grant tenant’s motion. The Department of Social Services has conducted itself in this matter, at least from the moving papers and the oral argument *393 heard, in such manner as to make itself a necessary party to this proceeding, willy nilly. It appears that department was the catalytic agent precipitating the rift in the normal landlord-tenant relationship.
The facts thus far revealed to the court are these: Tenant entered .into a lease agreement with landlord for the period commencing August 1, 1973, and running through July 31, 1975. Tenant alleges that landlord knew at the time of the making of the lease that she was receiving public assistance. This landlord denies. Tenant received shelter allowance of $250 per month, from the outset of the lease, which was paid to landlord. On or about January 23, 1974, tenant received a letter from the department dated January 22, 1974, requesting the name and address of her landlord and, if this information was not received that department would not provide her with further rent. Tenant states that she furnished the requested information to the department, and, that department continued her rental allowance through March 11, 1974. At that time, tenant states she was given another letter from department to give to landlord requesting that landlord furnish department with a copy of the lease, or a new lease. To date, according to tenant, landlord has refused to provide her or department with a copy of her lease, or a new lease. Since March 11, 1974, department has failed to furnish tenant with rent moneys, and no notice in writing or otherwise has been furnished to tenant setting forth the reasons or authority for department’s unilateral reduction of assistance funds. Landlord, in opposing this motion, claims further that he never gave tenant a lease, that none was contemplated, and claims that tenant was merely a month-to-month tenant.
The court notes that counsel for the department, upon oral argument of1 the motion, revealed for the first time that department claims tenant perpetrated a fraud by using two names in obtaining assistance, two social security numbers, and obtained other outside moneys without notifying department, and claims that tenant confessed same, and that the claim of fraud has been brought to the attention of the Queens District Attorney’s office, without stating what action has been taken. Such argument, when the hearing of the summary proceeding is imminent, all the more impresses the court with the necessity to implead the department. Mere allegations made during oral argument of counsel are not the required proof under oath to satisfy this court whether or not department has properly discontinued public assistance.
*394 These facts .alone propel this court to come to the same result as have Judges Nusbatjm and Welcome in their cited cases, even though there may be some difference of opinion, or ambiguity as to the meaning of subdivision (d) of section 110 of the New York City Civil Court Act. Here, department has taken such affirmative action with respect to the basic landlord-tenant relationship as to have actively interjected itself as an interested party making its impleader a necessity as a matter of law, equity, and simple justice under the broad umbrella of the Housing Court Act. Where a party, individual, or .agency so interjects himself or itself into the contractual privity between two other parties as to take a commanding and governing position with respect to the rights and duties of the contracting parties, then, in effect, that party or agency assumes the mantle of a necessary party.
Accordingly, motion of tenant is granted, and Department of Social Services is hereby impleaded as third-party respondent. Movant is directed to serve a copy of this order upon landlord and Department of Social .Services within 10 days hereof; and this matter will appear thereafter on the trial calendar of this court, Trial Part XVI, for June 27, 1974, at 9:30 a.m.