Richard S. Lane, J.
Respondent in this nonpayment summary proceeding moves to join the Commissioner of Social Services pursuant to subdivision (d) of section 110 of the New York Civil Court Act. The commissioner opposes claiming no privity of contract and hence no basis for impleader.
Respondent in effect concedes that she has no defense to the proceeding. She alleges, however, that she is a recipient of public assistance under the category of aid to dependent children and that, for no apparent reason, rent has been removed from her budget. She has requested an administrative hearing but, on information and belief, anticipates no determination for at least 60 days.
There have been conflicting interpretations of subdivision (d) of section 110 of the New York Civil Court Act in this court during the past several years. In the Second Department the conflict has been resolved adversely to our power of joinder ( Weiss v Downing, NYLJ, Feb 13, 1975, p 18 col 7; Zytelny v Lodge, NYLJ, Feb 5, 1975, p 17, col 1). I am not bound by and decline to follow these decisions for the reason that they rob the statute of any meaning. As for the commissioner’s argument of lack of privity, the simple answer is to be found in sections 131 and 131-a of the Social Services Law.
As I have stated heretofore in Lazarus v Handler (NYLJ, Aug 7, 1974, p 12, col 5) not every summary proceeding involving public assistance justifies joinder, nor should this court undertake to review any final determination by the commissioner. However, where there has been no final determination, where the bureaucracy has apparently stumbled and where the presence of the commissioner might avert a miscarriage of justice in the Housing Court, joinder should be ordered. My colleague, Judge Levy, has taken a similar position in Phipps Plaza South v Torres (NYLJ, Sept. 26, 1974, p 17, col 7). Decisions prior to the passage of the statute are also in accord (Sessa v Blakney, 71 Misc 2d 432; Blackman v Walker, 65 Misc 2d 138; see Siegel, Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, 1975-1976 Pocket Part, pp 22-23).
Motion granted. Settle order on notice to the commissioner and to petitioner. Provide in order a renewed date for trial in *353 Part 49 and for service of a copy of the order upon clerk of the Housing Court.