OPINION OF THE COURT
Edward H. Lehner, J.
The novel issue presented by respondent’s motion is whether joinder of a third party is permitted in a summary proceeding where the claim sought to be interposed does not relate to housing maintenance standards.
FACTS
By lease dated March 10, 1984, petitioner leased an apartment to respondent for a one-year period. After expiration of the term this holdover proceeding was commenced.
Respondent claims that when she executed the lease she was not aware that petitioner was not the building owner and points out that the document nowhere indicates that it is a sublease. Respondent asserts that petitioner, a sister-in-law of the principal of the entity that owns the building, never in fact resided in the premises, and the purported sublease created an illusory tenancy and was employed as a device to avoid granting respondent rights under the Rent Stabilization Law.
On the other hand, petitioner claims that she in fact resided in the apartment; that although the lease was not denominated as such, since she did not own the building, the document was a sublease; and since it was a bona fide sublease, respondent is *214 therefore not entitled to a renewal lease under the Rent Stabilization Law (Wolfman v Polhemus, NYLJ, Feb. 14, 1983, p 6, col 1 [App Term, 1st Dept]); and petitioner is entitled to possession.
Respondent now seeks to join the owner so that if she prevails in establishing an illusory tenancy, she would not have to relitigate her right to possession as against the owner. Judicial economy would certainly indicate this as a desirable procedure as it would seem preferable to have the tenant’s right to possession as against the alleged sublessor and the owner determined in one litigation. However, before the court is the question of whether this type of joinder is permitted in a summary proceeding.
THE LAW
Prior to the adoption of the CPLR, our Appellate Term rule that since third-party practice was applicable only to “actions”, it was not available in a summary proceeding. (Edaviel Corp. v Boykin, 205 Misc 622 [1954].)
With the adoption of the CPLR in 1963 third-party practice in special proceedings was authorized (CPLR 401). Thereafter several cases arose in the lower courts prior to 1975 where the issue raised was whether a social service agency could be joined by a tenant being sued for rent, with the question being determined based on the individual judge’s feeling as to whether a right to public ássistance should be adjudicated in a summary proceeding. The cases on this issue are summarized in Siegel, Supplementary Practice Commentaries (McKinney’s Cons Laws of NY, Book 29A, CCA 204, p 29), and in a scholarly and comprehensive opinion by Judge Dankberg in Manhattan Plaza v Snyder (107 Misc 2d 470 [Civ Ct, NY County 1980]).
However, in Zytelny v Lodge (NYLJ, Feb. 5, 1975, p 17, col 1 [App Term, 2d & 11th Dists]), it was held that the CPLR 401 provision authorizing joinder in special proceedings was not applicable to a summary proceeding. The court gave no explanation for this ruling.
With the creation of the Housing Part of the Civil Court the court is now authorized under CCA 110 (d) to “join any other person or city department as a party in order to effectuate proper housing maintenance standards and to promote the public interest.” Thus, clearly the Zytelny ruling is not relevant to a joinder where housing maintenance standards are involved. Here no such issue is involved, the only question having to do with the right of possession.
*215 In determining the right to joinder, the court first has to ascertain the effect of the Zytelny decision (supra) on this court. Recently the Appellate Division, Second Department, stated in Mountain View Coach Lines v Storms (102 AD2d 663, 664 [1984]) that: “the doctrine of stare decisis requires trial courts in this department to follow precedents set by the Appellate Division of another department until the Court of Appeals or this court pronounces a contrary rule * * * This is a general principle of appellate procedure * * * necessary to maintain uniformity and consistency”. This principle is in accord with the position stated in Carmody-Wait 2d (vol 1, NY Prac § 2:63) and NY Jur 2d (vol 29, Courts and Judges, § 483).
Although the foregoing decision was based on the concept that the Appellate Division is one State-wide court broken down administratively into four departments, it would seem that even though the same cannot be said for the Appellate Terms, which have been established by the Appellate Divisions in only two departments, logic would indicate that the same principle should apply to Appellate Term decisions.
However, the court’s research has not located any appellate authority in this department that has announced a similar rule. Therefore, this court does not feel bound by the rule of stare decisis stated by the Second Department, and follows the principle, set forth by Judge Lang in People v Waterman (122 Misc 2d 489 [Crim Ct, NY County 1984]), that a lower court is bound only by decisions of courts which have appellate jurisdiction over it.
Since there is no appellate authority in this department on the issue of joinder in a summary proceeding, the court, in order to provide complete relief in this one proceeding, in the interests of justice and to promote judicial economy, will permit joinder of the owner of the building. This, the court believes, is consistent with the intent of CPLR 401. As stated in Weinstein-KornMiller (vol 1, NY Civ Prac 1Í 401.06): “The court in a special proceeding is thus given that degree of control over parties as is necessary to preserve the summary nature of the proceeding, but is still able to utilize the party devices of Article 10 to prevent an undesirable multiplicity of suits and expedite disposition of controversies.”
This order is without prejudice to such defenses as might be asserted by the owner. For example, at oral argument the issue was raised as to whether joinder would result in the proceeding becoming one for a declaratory judgment, over which type of action this court does not have jurisdiction. Whether such de *216 fense is appropriate (in this connection see, RPAPL 747) should await the appearance of the owner.
To effectuate joinder, the owner may be served with the proposed notice of third-party petition and notice of petition which shall be returnable on an adjourned return date of this proceeding, which shall be at least five days after service.
This decision constitutes the order of the court.