OPINION OF THE COURT
Per Curiam.
Order entered June 27, 1985 reversed, without costs, motion granted, and the third-party complaint is dismissed, without prejudice to defendant’s right to pursue any available administrative remedies against appellant.
This lawsuit was instituted by the New York City Health & Hospitals Corporation to recover for medical services rendered to defendant Brenda Hilton in September 1982. Defendant answered, and brought a third-party action against the New York City Department of Social Services (DSS), the agency charged with determining eligibility for medical assistance benefits. The third-party complaint alleges, inter alia, that prior to being hospitalized, defendant Hilton applied to DSS for medical assistance; that the agency negligently failed to process defendant’s application and to notify defendant of her eligibility status; that the medical services provided by the plaintiff hospital "were services covered by Medicaid”, and that but for the agency’s negligence the charges "would have been paid for by Medicaid, and no obligation would have accrued to [defendant Hilton]”.
In lieu of answering, DSS moved to dismiss the third-party action for want of subject matter jurisdiction. Special Term denied the dismissal motion and DSS now appeals.
We reverse. The relevant provisions of the Social Services Law require that the initial determination of an applicant’s eligibility for medical assistance be made by the local agency (Social Services Law § 366-a [6]), and if the applicant is dissatisfied with the determination or if no determination is made within 30 days of the application, he can appeal to the State Commissioner of Social Services and request a fair hearing (Social Services Law § 22; 18 NYCRR 358.4). The fair hearing procedure in turn is judicially reviewable in the Supreme Court by a CPLR article 78 proceeding (Social Services Law § 22 [9] [b]), which constitutes the exclusive vehicle for such judicial review (People ex rel. Ninesling v Nassau County Dept. of Social Servs., 46 NY2d 382, 386; Matter of Leonora M., 104 *145 AD2d 755). A plenary suit will not lie to review the agency’s action or failure to act (Matter of Leonora M., supra; Gorman v Gorman, 77 Misc 2d 687; cf., Calvary Hosp. v D’Elia, 95 AD2d 817).
Though it is (artfully) styled in terms of a negligence claim, the third-party action herein is clearly brought to review and correct the agency’s failure to render a determination on defendant Hilton’s Medicaid application. Viewed in its proper perspective, the claim against the agency necessarily hinges on defendant’s entitlement to public assistance, a matter to be determined in the first instance through administrative, not judicial review. To permit defendant to pursue such a determination in the context of the within impleader action would improperly extend the jurisdiction of the Civil Court and unwisely immerse the court in issues patently within the expertise of the administrative body.
Society of N. Y. Hosp. v Blake (73 Misc 2d 305), relied upon by the dissent, is factually distinguishable. The record in Blake conclusively established, and it was not seriously disputed, that the defendant and third-party plaintiff therein was eligible for medical assistance at the time she was hospitalized and that the agency erred in denying defendant’s Medicaid application and ignoring her request for fair hearing review. In contrast the record before us contains little more on the critical question of eligibility than defendant’s bare assertion that she was and is "indigent”. Thus, unlike Blake, there exists here an open question as to the agency’s responsibility for covering defendant’s medical expenses, a question not ripe for judicial review.
Mindful of the equitable concerns voiced by the dissent, we direct that in the event plaintiff ultimately secures judgment on its main action, the enforcement thereof be stayed pending a final administrative determination on defendant’s application for medical assistance.*

 If, as defendant alleges, DSS failed to provide her with proper notice of the right to a fair hearing, the running of the 60-day limitations’ period to request such a hearing (Social Services Law § 22 [4]) would be tolled (see, Matter of Melgar v D’Elia, 96 AD2d 1101) and administrative review would remain available to defendant. We do not reach that issue here.