Sandifer, J. P.
(dissenting). I respectfully dissent and would affirm the order of the court below.
The facts of this case while not exactly on point are remarkably similar to Society of N. Y. Hosp. v Blake (73 Misc 2d 305). *146 In Blake, the Department of Social Services (DSS) argued that the defendant failed to exhaust her administrative remedies, notwithstanding the fact that the defendant had requested a hearing and never received a response. In the case before us, the respondent Ms. Hilton was never informed whether her application was accepted or rejected. DSS, nevertheless, contends that the respondent Ms. Hilton failed to exhaust her administrative remedies and that as a consequence of her failure to so act, the Statute of Limitations has expired. The Department’s interpretation must, therefore, be that notwithstanding the fact that the respondent may be entitled to payment pursuant to the Social Services Law, that in effect, she has no remedy. This analysis is untenable and unconscionable. In addition, DSS in its affirmation in support of its motion to dismiss the defendant’s third-party complaint does not dispute the defendant’s contention that she was never informed whether her application had been accepted or rejected. Nor does DSS dispute the defendant’s contention that she was not informed of her right to request a fair hearing. Pursuant to section 22 of the Social Services Law, the defendant is entitled to a fair hearing where there has been a failure to act upon her application within 30 days of filing. DSS has failed to comply with either section 366-a or section 22 of the Social Services Law. Furthermore, pursuant to CPLR 217, an article 78 proceeding must be commenced within four months of a final determination. There has been no determination, not to mention a final determination. The defendant should be allowed to implead DSS as a matter of law.
It would be a waste of time and effort to expect the defendant or persons similarly situated to appreciate or interpret the laws pertaining to Medicaid and social services when the very agency administering the laws does not appear to fully understand them. The decision of the majority to reverse the Civil Court will, in effect, relegate the defendant and others similarly situated to a perpetual "Catch-22”. I would also affirm as a matter of public policy, for the reasons stated by Justice Sandler, in Blake (supra, at 308):
"What is quite plain is that it would result in a grave injustice to Blake and to many other intended beneficiaries of the Medicaid program for this court to conclude that the only remedy for the kind of problem presented is to be found in an article 78 proceeding. The social realities of the basic situation almost guarantee that many victims of administrative errors *147 will not comply with the four-month time requirement for such proceedings. (CPLR 217.)
"The intended beneficiaries of the Medicaid program are poor people, of limited resources, not likely to have ready access to lawyers, or to be sensitively aware of when they require legal advice or help. The administrative rejection of a Medicaid application does not have the kind of immediate impact that sends people scurrying for legal help. The significance of the rejection and the need for legal assistance become apparent only when an action is commenced by the hospital and the patient is faced by the grim prospect of a heavy judgment far beyond his financial capacity to pay. It is at that point, usually long after the time for article 78 has expired (as in this case), that lawyers or legal service groups are contacted for the first time.
"Moreover, it is apparent that the issue is not simply a two-party contest between a patient and the Department but requires the adjudication of the rights and responsibilities of the supplier of medical services as well.”
This case and others with similar fact patterns do not contain amorphous issues. This sort of case lends itself to a simple resolution. Neither the Department of Social Services, nor the courts need to be bogged down with unnecessary litigation. A simple resolution of such matters would be consistent with the intent of the social services laws, the public policy of the State of New York and concomitantly the purpose behind the implementation of the Individual Assignment System (IAS) of the Unified Court System.
I would, therefore, affirm the decision of the Civil Court as a matter of law and public policy.
Parness and Ostrau, JJ., concur; Sandifer, J. P., dissents in a separate memorandum.