■ NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, HARLEM HOSPITAL, Plaintiff, v BRENDA HILTON, Defendant and Third-Party Plaintiff-Appellant. COMMISSIONER OF THE NEW YORK CITY DEPARTMENT OF SOCIAL SERVICES, Third-Party Defendant-Respondent.—Order, Supreme Court, Appellate Term, First Department (Parness and Ostrau, JJ.; Sandifer, J. P., dissenting), entered May 29, 1987, which reversed an order of the Civil Court, New York County (Robert Lippmann, J.), entered on or about June 27, 1985, and dismissed the third-party complaint without prejudice to defendant's right to pursue administrative remedies against the third-party defendant, unanimously affirmed, without costs, and in accordance with the third-party defendant's stipulation.

Defendant and third-party plaintiff Brenda Hilton is an indigent woman who entered plaintiff Harlem Hospital and received medical services in the fall of 1982. Prior to checking into the hospital, Ms. Hilton applied with third-party defendant Department of Social Services (DSS) for Medicaid benefits. DSS never responded to Ms. Hilton's application and never informed her of her rights regarding further proceedings. Two years later, in 1984, Ms. Hilton was sued by the hospital in this action for the value of the medical services provided. She impleaded DSS as a third-party defendant, seeking indemnification for all sums that may be adjudged due against her, on the grounds that the hospital's services were covered by Medicaid and that it was the negligence of DSS in the processing of her application that subjected her to the hospital's suit.

The Civil Court denied third-party defendant DSS's motion

to dismiss this third-party complaint. A divided Appellate Term reversed and granted the motion to dismiss because it found that the third-party action was in essence an attempt to review the agency's failure to render a determination on Hilton's Medicaid application, and thereby hinges on defendant's entitlement to said benefits, a matter which should be determined in the first instance through administrative, not judicial, review. The Appellate Term expressly held that any judgment obtained by the plaintiff be stayed pending a final administrative determination of defendant's application for Medicaid assistance.

The stay ordered by the Appellate Term is a commendable pragmatic resolution of this unfortunate matter in which defendant has been severely frustrated by reason of DSS's inattention since 1982 to her application for Medicaid benefits. It appears that DSS not only failed to act on her application, but it also failed to inform her of her rights to an administrative fair hearing and the narrow time limits involved. However, as the Appellate Term correctly pointed out, the threshold issue is defendant's entitlement to Medicaid benefits, a question which has never been addressed on the merits. The administrative agency is clearly best equipped to resolve this issue. Although defendant is now faced with a lawsuit by the hospital, this administrative issue must be decided first, and not in the context of a third-party action. Because of the inequitable situation facing the defendant, we also affirm the Appellate Term's decision that any judgment obtained by the plaintiff should be stayed pending this administrative determination.

Counsel for DSS has advised this court that DSS has agreed to entertain and consider, de novo, a Medicaid application to be submitted by appellant and to grant said application if appellant is able to establish her eligibility as of 1982. Based upon such assurance by DSS, the order of the Appellate Term dismissing the third-party complaint is affirmed. Concur— Kupferman, J. P., Sullivan, Asch, Milonas and Ellerin, JJ. [See, 136 Misc 2d 143.]