OPINION OF THE COURT
Victor I. Barron, J.
Third-party defendant, Commissioner of Social Services, in lieu of answering, moves for an order pursuant to CPLR 3211 (a), dismissing the third-party complaint on the grounds that the court lacks subject matter jurisdiction, that the action is barred by the Statute of Limitations, that the defendants/ third-party plaintiffs, David and Brenda Ostreicher, have not exhausted their administrative remedies, that they have failed to file a notice of claim, and failed to join an indispensable party.
Defendants/third-party plaintiffs (David and Brenda) oppose the motion. The plaintiff Maimonides Medical Center (Maimonides) has not appeared on the motion.
Maimonides brought an action to recover payment from David and Brenda for medical services rendered to Brenda from August 25 through 29, 1991. Defendants answered and subsequently impleaded the Commissioner of Social Services (Sabol), seeking payment for Brenda’s medical bills, in the amount of $5,228.78, plus interest.
The third-party complaint alleges that the New York City Department of Social Services (Sabol), the agency responsible for determining eligibility for medical assistance, in its decision of September 27, 1991, denied her benefits on the grounds that her income, based on David’s earnings of $560 per month, exceeded the eligibility requirements of $106.50 per month. Brenda appealed the decision to an administrative fair hearing, and by decision dated December 12, 1991, the matter was remanded for further review. Upon remand, the denial was upheld.
David and Brenda allege that Sabol failed to inform either David or Brenda of the spousal right to refuse to pay Brenda’s medical bills, pursuant to Social Services Law § 366 (3) (a). That at the time, Brenda was wholly supported by David with no income of her own. They contend that had they been so informed, David would have exercised that right, and but for Sabol’s failure to inform them of their rights, Brenda would have been eligible for Medicaid, and Maimonides would have been paid.
*312 Pursuant to Social Services Law § 366-a (6) the local agency, in this instance the New York City Department of Social Services, is responsible for making the initial determination of eligibility for medical assistance. An applicant can request a fair hearing if a determination is not made within 30 days or if the applicant wishes to appeal a determination. (See, Social Services Law § 22; 18 NYCRR subpart 358-4.) Thereafter, judicial review of the fair hearing may be had in Supreme Court pursuant to CPLR article 78. (See, Social Services Law §22 [9] [b].) This "constitutes the exclusive vehicle for such judicial review [cites omitted]. A plenary suit will not lie to review the agency’s action or failure to act [cites omitted].” (New York City Health & Hosps. Corp. Harlem Hosp. v Hilton, 136 Misc 2d 143, 144-145, affd 145 AD2d 302 [1st Dept 1988].)
Defendants rely on Society of N. Y. Hosp. v Blake (73 Misc 2d 305 [Civ Ct, NY County 1973]) for the proposition that an article 78 proceeding is not the exclusive vehicle for relief against an administrative agency, and that a remedy at law is available under appropriate circumstances insofar as the action is for the payment of money only.
In Blake (supra), the hospital sued a patient for medical services rendered, and the patient filed a third-party action against the Department of Social Services asserting Medicaid eligibility. In Blake, however, the record conclusively established that the defendant/third-party plaintiff was eligible for medical benefits and that the Department of Social Services denied benefits based on their erroneous conclusion that the net income of Blake’s family was $4,820 when in fact, it was substantially less. Further, the agency ignored Blake’s request for a fair hearing. (Society of N. Y. Hosp. v Blake, 73 Misc 2d 305, 306.)
In the instant action, which can be distinguished from Blake (supra), defendants/third-party plaintiffs’ Medicaid application was rejected based on income criteria. A fair hearing was had, and on remand the decision was upheld. There is no allegation, as in Blake, that the Department of Social Services’ calculation, based on the information in the application, was erroneous, nor was their request for a fair hearing ignored. The record contains only the assertion that Brenda would have had $0 income and would have been eligible for medical assistance had they been informed of their right of spousal refusal. Pursuant to the affidavit of Brenda Ostreicher, she has not, as yet, had a fair hearing on this issue.
*313 While the third-party complaint sounds in negligence, requesting judgment against Sabol for all sums that may be adjudged against David and Brenda in favor of Maimonides, what Brenda and David really seek, as articulated in their memorandum of law, is not a money judgment from Sabol, "but rather the reevaluation of Brenda’s Medicaid application taking into consideration the 'spousal refusal’ provision of the Social Services Law § 366 (3) (a).”
The threshold issue is defendant’s entitlement to medical benefits, which is best determined by the administrative agency. "To permit defendant to pursue such a determination in the context of the within impleader action would improperly extend the jurisdiction of the Civil Court and unwisely immerse the court in issues patently within the expertise of the administrative body.” (New York City Health & Hosps. Corp. Harlem Hosp. v Hilton, 136 Misc 2d, at 145, supra.)
As this court is without subject matter jurisdiction, it is unnecessary to reach the other grounds for dismissal of this action.
Accordingly, the third-party action is dismissed.