Staten Island University Hospital, Plaintiff, against
against
Maricela Quintero, Also Known as Maricela Gutierrez, Defendant. Maricela Quintero, Also Known as Maricela Gutierrez, Third-Party Plaintiff-Appellant, Robert Doar, Individually, Third-Party Defendant, and Robert Doar, in his Official Capacity as Commissioner, New York City Human Resources Administration, Third-Party Defendant-Respondent.




Frank A. Buono, Esq., for third-party plaintiff-appellant.
William A. Hecht, P.C. (William A. Hecht of counsel), for plaintiff Staten Island University Hospital, (no brief filed).
Corporation Counsel of the City of New York (Jane L. Gordon, Zachary W. Carter, Yasmin Zainulbhai and Scott Shorr of counsel), for third-party defendant-respondent.

Appeal from an order of the Civil Court of the City of New York, Richmond County (Philip S. Straniere, J.), entered January 25, 2016. The order, insofar as appealed from as limited by the brief, granted the branch of a motion by third-party defendant Robert Doar, in his official capacity as Commissioner, New York City Human Resources Administration, seeking summary judgment dismissing so much of the third-party complaint as was against that third-party defendant, and denied defendant third-party plaintiff's cross motion for summary judgment on that portion of the third-party complaint.




ORDERED that the order, insofar as appealed from, is affirmed, without costs.
In this action, plaintiff seeks to recover the principal sum of $6,792.64 for unpaid hospital bills based on services that were allegedly rendered to defendant third-party plaintiff Maricela Quintero, also known as Maricela Gutierrez (Quintero), between January 29, 2010 and February 2, 2010. Quintero commenced a third-party action against third-party defendant Robert Doar, individually and in his official capacity as Commissioner, New York City Human Resources Administration (HRA), alleging that any bills she owed plaintiff should have been covered by Medicaid, and that HRA, as administrator of the Medicaid program in New York City, was [*2]therefore obligated to pay any judgment that might be rendered against her.
Insofar as is relevant to this appeal, HRA moved for summary judgment dismissing the third-party complaint insofar as asserted against it, and Quintero cross-moved for summary judgment on that portion of the third-party complaint. HRA's motion was supported by an attorney's affirmation and by exhibits which included HRA's notice of acceptance (HRA Notice) of Quintero's Medicaid application dated May 19, 2010. The HRA Notice, which covered the period during which Quintero had accrued the hospital bills sought in the main action, made her Medicaid coverage subject to a spenddown amount that exceeded the hospital bills in issue. In its motion, HRA asserted that, although it had approved Quintero for Medicaid, it had not been required to make any payments towards Quintero's medical expenses because they had not exceeded her spenddown amount for the applicable six-month coverage period; that there was no issue of material fact with respect to the cause of action asserted against HRA in the third-party complaint; and that, in any event, the Civil Court lacked jurisdiction to rule on the propriety of HRA's determination of Quintero's Medicaid eligibility and spenddown amount. In opposition to HRA's motion and in support of her cross motion, Quintero did not dispute receipt of the HRA Notice that was annexed to HRA's moving papers, but asserted that she had been told that Medicaid would cover the bill in issue, and that HRA's calculation of her Medicaid spenddown amount had been based on erroneous figures and had been incorrect.
In an order entered January 25, 2016, the Civil Court granted HRA's motion and denied Quintero's cross motion, upon a finding that, in her third-party action, Quintero was requesting the Civil Court to determine the validity of HRA's determination with respect to her entitlement to Medicaid benefits, as well as the amount of such benefits, which determination was beyond the province of the Civil Court. The Civil Court further found that Quintero had failed to exhaust her administrative remedies, and that, even if she had, her sole avenue of judicial review of the HRA determination would be in a proceeding brought in Supreme Court pursuant to CPLR article 78. The Civil Court additionally noted that Quintero had failed to file a notice of claim against HRA, pursuant to General Municipal Law § 50-e. This appeal ensued.[FN1]


Medicaid is a federal plan established pursuant to the Social Security Act and administered by the states for the purpose of providing medical assistance to qualifying persons (see 42 USC § 1396; Social Services Law §§ 363, 363-a). In New York City, a person aggrieved by an HRA determination of Medicaid eligibility may seek review by the Department of Social Services of the determination, and a fair hearing (see Social Services Law § 22; 18 NYCRR 358-1.1 et seq.) and, if dissatisfied, may seek judicial review in the Supreme Court pursuant to CPLR article 78 (see CPLR 7801, 7803 [4]; see also Social Services Law § 22 [9] [b]).

Here, as Quintero failed to refute HRA's contention that she had received notice of her rights regarding further proceedings (cf. New York City Health & Hosps. Corp., Harlem Hosp. v Hilton, 145 AD2d 302 [1988]), the Supreme Court, upon a timely commencement of a CPLR article 78 proceeding, would be the exclusive forum for judicial review of an HRA determination, and then only following a timely exhaustion of administrative remedies (see New [*3]York City Health & Hosps. Corp., Harlem Hosp. v Hilton, 136 Misc 2d 143, 144 [App Term, 1st Dept 1987], affd 145 AD2d 302 [1988]). Contrary to Quintero's contention, the provisions of CPLR 1006 and CCA 205 do not compel a different result, since they pertain to jurisdiction in interpleader actions rather than impleader actions such as the instant third-party action. To the extent that the Civil Court's decision in New York City Health & Hosps. Corp. v Logvinsky (130 Misc 2d 767 [Civ Ct, NY County 1986]) holds that the Civil Court has jurisdiction under CPLR 1007, we decline to follow it. Thus, the Civil Court correctly concluded that it lacked subject matter jurisdiction over so much of the third-party action as was against HRA.

Since the Civil Court lacked subject matter jurisdiction, it properly granted summary judgment dismissing so much of the third-party action as was against HRA (see Fifth Line, LLC v Fitch, 167 AD3d 847, 849 [2018]; see also Ryan v State of New York, 35 Misc 3d 260 [Ct Cl 2011]).

We reach no other issue.

Accordingly, the order, insofar as appealed from, is affirmed.

PESCE, P.J., WESTON and SIEGAL, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: March 29, 2019



Footnotes

Footnote 1:We note that in her appellate brief, Quintero has abandoned any claim against Robert Doar, sued in his individual capacity.