## (September 13, 1978)

■ In the Matter of NORTH SHORE UNIVERSITY HOSPITAL, as Attorney in Fact for HILDA DAILY, Petitioner, v JOSEPH A. D'ELIA, as Commissioner of the Nassau County Department of Social Services, et al., Respondents.— Proceeding pursuant to CPLR article 78 to review a determination of the respondent State commissioner, dated March 31, 1977 and made after a statutory fair hearing, which affirmed a determination of the local agency, denying the application of Edmund Daily for medical assistance. Proceeding converted into a plenary action by North Shore University Hospital, as plaintiff, against the Nassau County Department of Social Services and, as such, the action is remanded to Special Term for further proceedings not inconsistent herewith. The time within which plaintiff, heretofore the petitioner, may serve its complaint is extended until 20 days after entry of the order to be made hereon. No costs are awarded. This is an article 78 proceeding brought by North Shore University Hospital, which provided medical services to Edmund Daily, as attorney in fact for Daily's surviving spouse, to annul a determination of ineligibility for medical assistance made after a fair hearing. Mr. Daily was hospitalized from February 19 to 27, 1976. On February 25 he applied for medical assistance. The Nassau County Department of Social Services, unaware of his suicide on March 23, 1976, requested additional documentation on April 2. When such documentation was not forthcoming Daily was declared ineligible on April 21, 1976. In September, 1976 petitioner, acting pursuant to a power of attorney executed by Daily's surviving spouse, informed the agency of Daily's death and successfully requested a fair hearing. Although the timeliness of the request and the standing of Mrs. Daily (and through her, petitioner) were both challenged upon the hearing, respondent State commissioner upheld the local agency's determination solely upon the merits. The instant proceeding is improperly brought since it is now clear that a provider of medical services is without standing to seek administrative review of a determination of ineligibility or annulment of such a determination in an article 78 proceeding (see *Matter of Peninsula Gen. Nursing Home v Sugarman,* 44 NY2d 909, revg 57 AD2d 268). Where, as here, the applicant for medical assistance dies during the administrative process, only the members of his

family household (18 NYCRR 360.25) or a representative of his estate may seek administrative review of an adverse determination. The power of attorney executed by Mrs. Daily avails the provider of medical service nothing in this case. Having lived separate and apart from the applicant for many years, Mrs. Daily was not a member of her husband's household and, hence, had no independent standing to secure administrative review. Furthermore, she did not purport to act on behalf of the applicant's estate, and the provider was not contending that she bore any personal responsibility for the outstanding hospital bill. Our determination that petitioner provider has prosecuted this action in an improper form and requested relief to which it is not entitled does not, however, require that it be put out of court. CPLR 103 (subd [c]) provides that once a court has obtained jurisdiction over the parties in a "civil judicial proceeding" the proceeding "shall not be dismissed solely because it is not brought in the proper form, but the court shall make whatever order is required for its proper prosecution" (see *Matter of Phalen v Theatrical Protective Union No. 1*, 22 NY2d 34). We, therefore, direct that the instant proceeding be converted into a plenary action against the social services agency designated to declare ineligibility, wherein petitioner hospital, as plaintiff, shall be deemed to be suing in its own right and by virtue of the authority received, if any, from Mrs. Daily's power of attorney. Hopkins, J. P., Titone, Margett and Martuscello, JJ., concur.