■ CALVARY HOSPITAL, Respondent-Appellant, v JOSEPH D'ELIA, as Commissioner of the Nassau County Department of Social Services, Appellant-Respondent. — In an action to recover the value of medical services provided to an alleged Medicaid eligible patient, the parties cross-appeal from an order of the Supreme Court, Nassau County (Morrison, J.), dated June 23, 1982, which upon plaintiff's motion for summary judgment, awarded it the reasonable value of its services to be determined at a trial for the assessment of damages, less the sum of $17,000. Order modified, on the law, by deleting the provision which denied so much of plaintiff's motion for summary judgment as sought recovery of the first $17,000 of the value of its services, and substituting therefor a provision granting plaintiff's motion for summary judgment in its entirety. As so modified, order affirmed, without costs or disbursements. Anna Sustusko was a patient at the plaintiff hospital from October, 1975 until her death in November, 1979. Her application for Medicaid benefits was denied in March, 1977, and a decision after fair hearing affirmed the denial. The basis for the denial was the conveyance of Sustusko's residence to her son without consideration in alleged violation of former section 366 (subd 1, par [e]) of the Social Services Law. In July, 1979, the hospital commenced this action against defendant Joseph D'Elia, as Commissioner of the Nassau County Department of Social Services, to recover the reasonable value of the medical services rendered to Sustusko. Special Term granted plaintiff's motion for summary judgment to the extent the reasonable value of the services rendered by it exceeded $17,000, representing the value of the home as an available resource. We reject the defendant's procedural objections that the hospital lacks standing and was bound by the unfavorable fair hearing determination. The hospital's private financial interest in recovering expenditures rendered creates a relationship of purchaser and seller, thereby permitting it to bring a plenary action in its own right against the governmental agency designated to declare eligibility (see *Matter of Peninsula Gen. Nursing Home v Sugarman,* 44 NY2d 909, revg 57 AD2d 268, on dissenting opn at App Div 57 AD2d, at pp 277-281; *Matter of North Shore Univ. Hosp. v D'Elia,* 71 AD2d 991). A contrary result would do violence to the statutory intent that the hospital took to the appropriate social services agency for payment (Social Services Law, § 367, subd 1; *Amsterdam Mem. Hosp. v Cintron,* 52 AD2d 404). In addition, since the hospital had no right to an administrative hearing or to bring a CPLR article 78 proceeding, it was not bound by the fair hearing determination (see *Gramatan Home Investors Corp. v Lopez,* 46 NY2d 481). On the merits, it is clear that the denial of benefits to Sustusko was erroneous, since the commissioner could not deny Medicaid assistance based upon a preapplication transfer of assets for less than fair consideration (*Scarpuzza v Blum,* 73 AD2d 237; *Caldwell v Blum,* 621 F2d 491). Thus, the transfer could not be used as a ground for denial of benefits, and the value of the home could not be considered

an available resource (see *Yiotis v D'Elia,* 76 AD2d 885). Accordingly, we modify the order appealed from, by awarding the plaintiff the reasonable value of its services, to be determined after trial, without reduction for the value of Sustusko's residence. Damiani, J. P., Titone, Lazer and Mangano, JJ., concur.