■ NEW YORK HOSPITAL — WESTCHESTER DIVISION, Respondent, v JAMES A. KRAUSKOPF, as Commissioner of Social Services of the City of New York, et al., Appellants. NEW YORK HOSPITAL — PAYNE WHITNEY DIVISION, Respondent, v JAMES A. KRAUSKOPF, as Commissioner of Social Services of the City of New York, et al., Appellants. NEW YORK HOSPITAL, Respondent, v JAMES A. KRAUSKOPF, as Commissioner of Social Services of the City of New York, et al., Appellants. NEW YORK HOSPITAL, Respondent, v JAMES A. KRAUSKOPF, as Commissioner of Social Services of the City of New York, et al., Appellants. — Four orders, Supreme Court, New York County (I. Rubin, J.), entered September 29, 1982, October 4, 1982 and October 6, 1982, denying defendants-appellants' motions to dismiss the complaints, are unanimously modified, on the law, to the extent that the motions of defendant-appellant Barbara Blum, as Commissioner of the Department of Social Services of the State of New York, to dismiss the complaints as to her are granted on the ground of failure to state a cause of action against said defendant, and the orders are otherwise affirmed, without costs. The complaints fail to state a cause of action against the State commissioner. They fail to allege that the State commissioner has failed to perform any duty imposed upon her. It is clear that at a minimum the action is premature as against the State commissioner. There is further a serious question whether, insofar as the action purports to be directed against the State commissioner, it is really one against the State for payment of a sum of money, as to which only the Court of Claims would have jurisdiction. There appears to be no statutory basis for requiring plaintiff, as defendants suggest, to first make a diligent effort to obtain from the patients a power of attorney to prosecute the claim in an administrative fair hearing procedure. In any event, such a proceeding might vindicate or determine the patients' claims but would not be a proceeding to determine plaintiff's independent claim. Plaintiff hospital is a provider of medical services to patients under the State's medical assistance program. It has rendered medical assistance to certain patients who have thereafter been declared to be ineligible for medical assistance benefits by the New York City Department of Social Services. The patients have not chosen to ask for administrative review of this determination by the "fair hearing" procedure. Plaintiff contends it has an independent right to recover for those services from the appropriate public parties or agencies on the theory that as provider of medical services it has a contractual relationship with the public authorities under which it is to be paid for those medical services by the public authorities. If it has such a right, there should be some legal remedy for enforcing it. The case presents difficult problems as to the appropriate procedure for determination and enforcement of this right. In *Matter of Peninsula Gen. Nursing Home v Sugarman* (44 NY2d 909, revg 57 AD2d 268, 277, on dissenting opn of Lane, J.), the Court of Appeals held that providers of services under the Medicaid program do not have a right to the "fair hearing" procedure to determine the liability of the public authority to reimburse the provider for such services. In the course of his opinion, Justice Lane said (at p 280): "If, as in the case at bar, it develops that services have been provided to one deemed ineligible for benefits, a cause of action may be spelled out against that ineligible or even against the governmental agency designated to declare

ineligibility. However, vindication of that claim, available as it is in a plenary suit, need not be afforded through the medium of administrative review." This decision in turn has given rise to a number of procedural problems, e.g., is some form of administrative relief (other than the "fair hearing" procedure) available, perhaps reviewable in a CPLR article 78 proceeding? To the extent that the remedy is by plenary suit, what kind of plenary suit? Does it mean anything other than an ordinary action at law for reasonable value of services rendered? Plaintiff has chosen to cast the present action in the form of a declaratory judgment; it is difficult to see the difference between an action for a declaratory judgment to direct the defendants to approve and process the plaintiff's claim on the one hand, and an article 78 proceeding requesting the same relief on the other hand. There are the usual problems arising from having two separate judicial or administrative proceedings involving the same questions of fact or law. Suppose, for example, the agency determines, perhaps through full administrative review and "fair hearing," and perhaps judicial review in an article 78 proceeding brought by the patient, that the patient is ineligible for medical assistance, can the hospital, or other provider, now bring an independent action in which the same issues will be involved? And shall that action be governed by the six-year Statute of Limitations applicable to actions on a contract rather than the four-month limitation applicable to proceedings under article 78? At the time that the *Peninsula* case was decided, local agencies were responsible for making payments to providers. In 1978 however, the responsibility for making payments was vested in the State Department of Social Services (Social Services Law, § 367-b, subd 2). The statute became effective as to New York City on June 1, 1978. (18 NYCRR 540.6 [b] [1] [iv].) But the determination of whether the patient to whom the services were rendered was eligible for benefits (a fact upon which the provider's right would depend) remained with the local agency, subject to a fair hearing review by the State commissioner. As to responsibility for payment, can the State or its officers be sued otherwise than in the Court of Claims? Must the hospital pursue a divided procedure to enforce its claim, first against the city, and if successful against it (in determining in the litigation against the city the preliminary question of eligibility), then against the State, perhaps in the Court of Claims? All these procedural complexities require and will no doubt receive authoritative resolution by the Court of Appeals or the Legislature. For the present, adhering to our role as an intermediate appellate court, we find it sufficient to say that in this action at the present stage the State commissioner cannot be sued. Concur — Sandler, J. P., Silverman, Fein and Milonas, JJ.

Kassal, J., dissents in part in a memorandum as follows: I disagree with so much of the majority's determination which dismissed the complaints in these actions as against the State commissioner. Insofar as the State is concerned, the action does not seek to recover a sum of money as damages so as to fall within the exclusive jurisdiction of the Court of Claims under section 9 of the Court of Claims Act. The complaint in each action seeks only declaratory judgment relief, "declaring [each] patient eligible for medical assistance" for a specified period and "directing the defendants to approve and process the plaintiff's claim for services rendered to the patient". As is observed by the majority, it is the local agency that makes the determination of eligibility, following which payment is to be made by the State Department of Social Services (Social Services Law, § 367-b, subd 2). Under the circumstances, after a determination has been made as to eligibility, the payment by the State is automatic and amounts to no more than a ministerial function. Thus, insofar as concerns the State, these actions actually take the form of proceedings for mandamus to take effect following a determination that each patient is

eligible to receive medical assistance benefits. As a claim remediable in mandamus, the actions against the State are properly cognizable in the Supreme Court, since mandamus is not a claim against which sovereign immunity may be raised (*State Div. of Human Rights v New York Dept. of Correctional Servs.*, 90 AD2d 51, 64-65). The State is a permissive party under CPLR 1002 (subd [b]), which affords to the court an available means to dispose of the entire case in one proceeding, in the interest of judicial economy. The alternative, rendered necessary by the majority's dismissal of the actions against the State commissioner, would require the hospital, after a determination of eligibility, to proceed against the State by way of mandamus directing that payment be made. A mandamus proceeding would be brought in the Supreme Court and not in the Court of Claims. Under the circumstances, I fail to see the need of subjecting the parties to separate and successive litigation when the matter could be fully resolved in one proceeding.