■ In the Matter of MARIA RUBIO, by Her Attorney in Fact, Community Hospital at Glen Cove, Appellant, v JOSEPH A. D'ELIA, as Commissioner of the Nassau County Department of Social Services, et al., Respondents. — In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Social Services which, after a statutory fair hearing, confirmed a determination of the Nassau County Department of Social Services finding that one Georgina Calderon was ineligible for medical assistance, petitioner appeals, as limited by her brief, from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Becker, J.), dated July 12, 1982, as granted the cross motions of the respondents to dismiss the petition.

Order and judgment reversed, insofar as appealed from, on the law, without costs or disbursements, proceeding converted into a plenary action by the Community Hospital at Glen Cove, as plaintiff, against the Nassau County Department of Social Services, as defendant, and, as such the action is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith. The action is dismissed as to the respondent State Commissioner. The Community Hospital at Glen Cove is granted leave to serve an amended complaint and its time to do so is extended until 20 days after service upon it of a copy of the order to be made hereon, with notice of entry.

Special Term correctly found that neither Maria Rubio nor Community Hospital at Glen Cove had standing to pursue the administrative process in connection with the application for medical assistance on Georgina Calderon's behalf (see *Matter of North Shore Univ. Hosp. v D'Elia,* 71 AD2d 991). However, the petitioner medical services provider is entitled to bring a plenary action in its own right against the government agency designated to declare ineligibility (see *New York Hosp. v Krauskopf,* 98 AD2d 667; *Calvary Hosp. v D'Elia,* 95 AD2d 817; *Matter of North Shore Univ. Hosp. v. D'Elia, supra*). Gibbons, J. P., Thompson, Boyers and Lawrence, JJ., concur.