■ LONG BEACH MEMORIAL NURSING HOME, Respondent, v JOSEPH A. D'ELIA, as Commissioner of the Nassau County Department of Social Services, Appellant, et al., Defendants. — In an action for a judgment declaring a former patient of the plaintiff nursing home eligible for medical assistance, defendant Commissioner of the Nassau County Department of Social Services appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Robbins, J.), dated June 11, 1982, as denied his motion to dismiss the complaint.

Order affirmed, insofar as appealed from, with costs.

Hosratollah Nakin Ela Hi-Faridani was admitted to the plaintiff nursing home on October 6, 1979 and was discharged on December 3, 1979. On or about November 19, 1979, an application for medical assistance was submitted to the Nassau County Department of Social Services on behalf of the patient. The local agency initially denied the application on or about February 20, 1980, on the ground that Hi-Faridani was not a permanent resident of the United States. That determination was reversed by the State Commissioner of Social Services, who, by decision dated May 20, 1980 and made after a fair hearing, found that the local agency had not investigated the patient's status and, therefore, remitted the matter to the local agency. On August 28, 1980, the local agency again denied the application on the ground that the patient was not in the United States under color of law.

In December 1981, plaintiff commenced the instant action against, *inter alia,* the Commissioner of the Nassau County Department of Social Services for a judgment declaring the patient eligible for medical assistance and directing him to approve and process its claim for $20,135, the alleged value of the services rendered. Thereafter, the defendant Commissioner of the Nassau County Department of Social Services moved to dismiss the complaint on various grounds.

Special Term properly denied the motion to dismiss made by the Commissioner of the Nassau County Department of Social Services. We reject appellant's arguments that the instant suit is barred by the patient's failure to exhaust administrative remedies, by plaintiff's failure to show any valid excuse for failing to obtain a power of attorney from the patient, and by the Statute of Limitations contained in CPLR 217. Plaintiff "hospital's private financial interest in recovering expenditures rendered creates a relationship of purchaser and seller, thereby permitting it to bring a plenary action in its own right against the governmental agency designated to declare eligibility" (*Calvary Hosp. v D'Elia,* 95 AD2d 817; *see also, Matter of Peninsula*

*Gen. Nursing Home v Sugarman,* 44 NY2d 909, *revg* 57 AD2d 268 on dissenting opn at App Div; *New York Hosp. v Krauskopf,* 98 AD2d 667; *Matter of North Shore Univ. Hosp. v D'Elia,* 71 AD2d 991). Moreover, since the hospital had no right to an administrative hearing or to bring a CPLR article 78 proceeding, it was not bound by the patient's failure to request an administrative appeal of the local agency's denial of medical assistance (*see, Matter of Peninsula Gen. Nursing Home v Sugarman, supra; Calvary Hosp. v D'Elia, supra*). Regarding plaintiff's failure to obtain a power of attorney from the patient, as the court noted in *New York Hosp. v Krauskopf* (*supra*): "There appears to be no statutory basis for requiring plaintiff, as defendants suggest, to first make a diligent effort to obtain from the patients a power of attorney to prosecute the claim in an administrative fair hearing procedure. In any event, such a proceeding might vindicate or determine the patients' claims but would not be a proceeding to determine plaintiff's independent claim."

Finally, we note that inasmuch as plaintiff was not bound by the administrative determination denying the patient's application for medical assistance, and has commenced a plenary action in its own right, plaintiff is not bound by the four-month Statute of Limitations contained in CPLR 217 (*see, Matter of Peninsula Gen. Nursing Home v Sugarman, supra; Calvary Hosp. v D'Elia, supra*). Mangano, J. P., Bracken, Weinstein and Niehoff, JJ., concur.