OPINION OF THE COURT
Wilmer J. Patlow, J.
This is a declaratory judgment action commenced by Park Ridge Hospital to recover from Medicaid the cost of the medical treatment given two elderly patients claimed by the hospital to be indigent. Plaintiff admitted each patient from its emergency room following the effects of a stroke.
*284 More specifically, plaintiff hospital seeks the sum of $227,273.22 for the care and treatment of one Lillian Lewis from October 12, 1986 through October 28, 1986 and again from November 12, 1986 until June 13, 1988, the date of her death.
Additionally, the hospital seeks payment of $196,222.86 for medical services and care rendered to one Michael Loj from his admission on February 7, 1987 through May 30, 1989, which sum continues to increase at the rate of $85 per day.
Defendant Monroe County Department of Social Services has moved to dismiss the complaint and plaintiff has cross-moved for summary judgment in its favor.
Defendant argues in support of its motion to dismiss that neither the patients nor the hospital has supplied it with sufficient information to meet their burden of proof as to eligibility for Medicaid.
With respect to Lillian Lewis, defendant claims that three separate applications were made on her behalf and all three were denied for lack of verification of critical financial information, including documentation of the sale of real property in Sierra Leone, West Africa, which was said to be worth approximately $80,000.
With respect to Michael Loj, defendant claims that no application for benefits was ever made.
In addition, defendant contends that no plenary action by the hospital lies against it. According to defendant, the correct procedure would have been for the hospital to sue the patients who then could have instituted a CPLR article 78 proceeding against the Department of Social Services.
Defendant further argues that even if a direct action or article 78 proceeding against it is procedurally correct, plaintiff has failed to show that either patient exhausted administrative remedies.
Finally, defendant maintains with respect to Lillian Lewis that plaintiff’s suit is untimely in that the final denial of benefits was rendered June 28, 1988 and this action was not commenced until June Í, 1989, more than four months after the Department of Social Services’ determination.
In rebuttal plaintiff asserts that defendant Department of Social Services, once notified of these patients’ claims, failed in its affirmative duty to assist these patients with their applications and to actively investigate the circumstances of each case.
*285 Plaintiff contends it has a contractual relationship with the Department of Social Services based upon the fact that the Department has accepted it as a qualified vendor of medical services. It is plaintiff’s position that a plenary action lies to enforce its contractual rights and such action is governed by the six-year Statute of Limitations.
According to plaintiff, Lillian Lewis was a native of Sierra Leone who had also lived in Puerto Rico but who was residing with her daughter and son-in-law in Rochester immediately prior to the stroke which required her hospitalization.
This patient was 69 years of age at the time of her first admission.
Plaintiff hospital describes for the court the efforts made by Mrs. Lewis’s family and the hospital’s social worker to satisfy the Department of Social Services’ requests for information.
When payment from any source was not forthcoming, the hospital indicates it started a lawsuit against Lillian Lewis. During the course of this lawsuit the hospital searched diligently for any assets which might have been applied towards a judgment, but except for the Sierra Leone property, found none.
The collection action was discontinued upon the death of the patient. However, the Sierra Leone property was left to the hospital by the terms of Lillian Lewis’s will.
With respect to Michael Loj, based upon information from his son, plaintiff hospital contends that this patient and his wife emigrated from the Ukraine in 1956 and that neither learned to speak, read or write English. The son informed the hospital that Michael Loj was employed as a janitor in a factory and upon his retirement began receiving a pension in the amount of $37 per month which continues to supplement his Social Security benefits, his only other source of income.
Michael Loj was 83 years old at the time he was first hospitalized following his stroke.
According to the hospital, a representative of the Department of Social Services did meet with Michael Loj’s wife with the son acting as interpreter to discuss her husband’s application for Medicaid and to present her with certain forms for signature which were assumed by the family to include Medicaid application forms.
The hospital asserts it contacted defendant several times concerning the status of the Loj application and was told no *286 such application had been received, yet each time the hospital was reassured by the Loj family that an application had been submitted.
Plaintiff hospital asserts it entered judgment against Michael Loj in the amount of $175,441.09 on December 6, 1988 for accrued charges on his account up to and including October 31, 1988. However, this judgment remains uncollected despite the efforts of the hospital as creditor to locate any significant assets.
Plaintiff hospital has submitted the affidavits of professionals in the health care field who indicate that without verification of Medicaid status and in the absence of any other showing of ability to pay, nursing homes in the Rochester area routinely refuse to admit indigent patients such as Michael Loj who are otherwise ready to be transferred to a facility offering less acute levels of care.
Thus, the cost of Michael Loj’s hospital treatment continues to accrue at the rate of $85 per day without any relief to the plaintiff in sight.
At the outset, the court concurs with plaintiff that an independent action by the medical provider lies against the governmental agency responsible for determining eligibility for Medicaid (Matter of Peninsula Gen. Nursing Home v Sugarman, 44 NY2d 909, revg 57 AD2d 268 on dissenting opn).
Indeed, it appears that the hospital may be precluded from pursuing administrative remedies or an article 78 proceeding directly against the Department of Social Services (see, Matter of Rubio v D’Elia, 106 AD2d 387; Calvary Hosp. v D’Elia, 95 AD2d 817) although an exception may be made where the patient has rendered the hospital his attorney-in-fact (see, Matter of St. Francis Hosp. v D’Elia, 71 AD2d 110, affd 53 NY2d 825, 827).
For purposes of the hospital’s direct action, however, neither the doctrine of exhaustion of administrative remedies nor the four-month Statute of Limitations is applicable (Long Beach Mem. Nursing Home v D’Elia, 108 AD2d 901).
Having concluded there is no procedural bar to plaintiff’s action, the court is in a position to address the substantive issues presented.
The court has reviewed all of the evidentiary materials submitted in support of the pending motion and cross motion.
*287 With respect to Lillian Lewis, the court concludes that, as in Southside Hosp. v Kirby (123 AD2d 430), defendant agency failed to undertake its own investigation to verify the financial information supplied by the applicant and failed to raise any question of fact concerning the financial means of the patient.
Consequently, plaintiff is entitled to partial summary judgment on the issue of liability for the reasonable value of the medical services provided to Lillian Lewis.
With respect to Michael Loj, the court first notes defendant states only that it has no record of any application or other contact with the patient or his family or anyone else on behalf of the patient, not that such contact never occurred.
Although a patient is generally constrained to utilize administrative remedies to correct an agency’s failure to process a Medicaid application (see, New York City Health & Hosps. Corp. Harlem Hosp. v Hilton, 136 Misc 2d 143, affd 145 AD2d 302), a direct action even by the patient may be permitted where the agency fails to act and the record clearly establishes eligibility (see, Society of N. Y. Hosp. v Blake, 73 Misc 2d 305).
In any event plaintiff hospital in its direct action is not bound by the doctrine of exhaustion of administrative remedies and defendant Department of Social Services has come forth essentially with a general denial which fails to raise a question of fact regarding the eligibility of Michael Loj for Medicaid benefits.
Consequently, plaintiff is likewise granted partial summary judgment on the issue of liability for the reasonable value of the medical services provided the patient Michael Loj.
In accordance with the above, plaintiff’s cross motion is hereby granted to the extent of partial summary judgment on the issue of liability.
The court has considered and hereby grants defendant’s request for an opportunity to review the itemized bills presented and to calculate the value of the services rendered based upon the Medicaid reimbursement rate.
Defendant’s motion to dismiss is in all other respects denied.