■ B. Young et al., Respondents, v GSL Enterprises, Inc., Appellant.—Order, Supreme Court, New York County (Eugene Nardelli, J.), entered May 11, 1990, which denied defendant's motion to amend its answer, unanimously affirmed, with costs.

Plaintiffs, tenants in a building owned by the defendant, brought this action in March, 1986, seeking damages for breach of the warranty of habitability, infliction of emotional distress and destruction of personal property based on conditions alleged to exist at the premises.

In 1989, defendant retained new counsel who determined that affirmative defenses, not raised in the answer filed in December, 1986, were available to the defendant. In December, 1989, defendant moved to serve an amended answer setting forth affirmative defenses of collateral estoppel, failure to exhaust administrative remedies and election of remedies. The Supreme Court denied the motion on the ground that the proposed affirmative defenses were without merit. The Supreme Court appropriately addressed the merits of the proposed affirmative defenses because the papers submitted on defendant's motion to amend were sufficient to reach an informed decision *(Vastola v Maer,* 48 AD2d 561, 567, *affd* 39 NY2d 1019).

With regard to the proposed affirmative defense of collateral estoppel, "it must be shown that the party against whom collateral estoppel is sought to be invoked had been afforded a full and fair opportunity to contest the decision said to be

dispositive of the present controversy. Additionally, there must be proof that the issue in the prior action is identical, and thus decisive, of that in issue in the current action" *(Gramatan Home Investors Corp. v Lopez,* 46 NY2d 481, 485).

Applying these principles to the issues raised in the instant action and those raised in the prior proceedings between the parties, we find collateral estoppel inapplicable. The issue of harassment is based on a complaint filed by some of the plaintiffs in a proceeding before the N.Y. State Division of Housing and Community Renewal, which resulted in a letter from the Enforcement Bureau declining to hold a hearing and terminating the bureau's involvement. The questions raised by plaintiffs' present causes of action for intentional infliction of emotional distress, property damage and breach of the warranty of habitability were not disposed of after a "full and fair opportunity to contest the decision" in the DHCR proceeding. *(Gramatan Home Investors Corp. v Lopez, supra,* at 485.) We also agree with the Supreme Court's determination that the issues raised in the *Poxt* and *Greco* proceedings were not identical to those raised herein.

The doctrine of exhaustion of administrative remedies relieves the courts of the burden of deciding questions entrusted to an agency, and affords the agency an opportunity to prepare a record reflective of its expertise and judgment in advance of possible judicial review *(Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 57). Plaintiffs herein are not seeking review of a determination made by an administrative agency, and no administrative proceeding is pending in which the issues raised in the plenary action may be determined.

Defendant's proposed affirmative defense of election of remedies is also inapplicable since the instant action and the prior proceedings are based upon different causes of action and seek different relief *(Kelley v Galina-Bouquet, Inc.,* 155 AD2d 96, 100). Concur—Murphy, P. J., Sullivan, Rosenberger, Ross and Asch, JJ.