■ SRN Corporation, Doing Business as Sarah R. Neuman Nursing Home, Appellant, v Mary Glass, Respondent.

[664 NYS2d 357] —In an action denominated as an action for a judgment declaring that a resident of the plaintiff nursing home is eligible for medical assistance in the sum of $64,990.08, for services provided by the nursing home from May 1, 1993, until August 31, 1994, the plaintiff appeals from an order of the Supreme Court, Westchester County (Fredman, J.), entered October 4, 1996, which granted the defendant's motion for leave to serve an amended answer, and, based upon the amended answer, granted the defendant summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

Although leave to amend an answer should be freely given, such a motion should be denied where, as here, the substance of the proposed amended answer lacks merit (see, ICC Bridgeport Ltd. Partnership v Primrose Dev. Corp., 221 AD2d 417). The plaintiff's cause of action sounds in breach of contract. Thus, contrary to the defendant's first proposed additional affirmative defense, the plaintiff is not bound by the four-month Statute of Limitations (see, Long Beach Mem. Nursing Home v D'Elia, 108 AD2d 901). Furthermore, the other additional, proposed defenses, that the plaintiff nursing home lacks standing to bring this action and that it has failed to present a justiciable controversy, are also without merit (see, e.g., Matter of Peninsula Gen. Nursing Home v Sugarman, 44 NY2d 909; Long Beach Mem. Nursing Home v D'Elia, supra). Copertino, J. P., Friedmann, Krausman and Goldstein, JJ., concur.