■ PENINSULA GENERAL NURSING HOME, Respondent, v MARVA L. HAMMONS et al., Appellants. [669 NYS2d 247] —In an action denominated as one for a judgment declaring that a resident of the plaintiff nursing home is eligible for Medicaid with no net available monthly income for services provided by the nursing home as of March 1, 1992, the defendants appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Dye, J.), as denied that branch of their cross motion which was to dismiss the complaint on the ground that the action was barred by the Statute of Limitations.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied the defendants' cross motion to dismiss the complaint on the ground that it was barred by the Statute of Limitations. It is well established that a nursing home may, as here, bring a plenary action in its own right against the agency designated to determine Medicaid eligibility (*see, Park Ridge Hosp. v Richardson,* 175 AD2d 631, *affg* 147 Misc 2d 283; *Long Beach Mem. Nursing Home v D'Elia,* 108 AD2d 901; *Calvary Hosp. v D'Elia,* 95 AD2d 817), and that such an action is not governed by the four-month Statute of Limitations contained in CPLR 217 (*see, SRN Corp. v Glass,* 244 AD2d 545; *Long Beach Mem. Nursing Home v D'Elia, supra*).

The defendants' remaining contentions are without merit. Thompson, J. P., Joy, Goldstein and Luciano, JJ., concur.