■ PETER BELLANCA et al., Respondents, v GRAND ISLAND CENTRAL SCHOOL DISTRICT et al., Appellants. [715 NYS2d 184] —Order unanimously affirmed with costs. Memorandum: Plaintiffs, 10 former teachers employed by defendants, commenced this action alleging that defendants induced plaintiffs to accept early retirement by promising certain special incentive benefits that ultimately were not provided to plaintiffs. Defendants appeal from an order to the extent that it denied their motion for summary judgment dismissing plaintiffs' second, third, and eighth causes of action alleging defendants' negligent or fraudulent misrepresentation of fact and the parties' mutual mistake of fact and seeking restoration of plaintiffs to their positions, back pay, and money damages.

Supreme Court properly denied that part of the motion seeking summary judgment dismissing the second, third, and eighth causes of action. Plaintiffs did not fail to exhaust any available administrative remedies. Their claim does not allege a violation of the collective bargaining agreement and thus does not fall within the agreement's definition of a "grievance" (*see, Matter of Moses v Rensselaer County*, 262 AD2d 697, 700; *Matter of Barrera v Frontier Cent. School Dist.*, 227 AD2d 890, 891; *Matter of Dombroski v Bloom*, 170 AD2d 805, 807). In any event, this is a plenary action to which the doctrine of exhaustion of administrative remedies does not apply (*see, Young v GSL Enters.*, 170 AD2d 401, 402; *Long Beach Mem. Nursing Home v D'Elia*, 108 AD2d 901).

Plaintiffs' notices of claim were timely filed and the action timely commenced (*see,* Education Law § 3813 [1], [2-b]; *see also,* General Municipal Law § 50-e [1] [a]; § 50-i [1]). The claim accrued no earlier than October 10, 1996, when defendants notified plaintiffs that their pensions would not include the severance benefits. That was the date on which plaintiffs could ascertain their damages (*see, Matter of Board of Educ. [Wager Constr. Corp.],* 37 NY2d 283, 290-291; *Polce v Clinton Cent. School Dist.,* 214 AD2d 997, 998, *lv denied* 86 NY2d 706; *Pope v Hempstead Union Free School Dist. Bd. of Educ.,* 194 AD2d 654, 655-656, *lv dismissed* 82 NY2d 846).

We have considered defendants' remaining contention and conclude that it has no merit. (Appeal from Order of Supreme Court, Erie County, O'Donnell, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Pine, Hurlbutt, Scudder and Kehoe, JJ.