Ciafone v Jobs for NY, Inc. (2020 NY Slip Op 06743)





Ciafone v Jobs for NY, Inc.


2020 NY Slip Op 06743


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.


2018-03922
 (Index No. 710393/2017)

[*1]John J. Ciafone, appellant,
v
Jobs for NY, Inc., et al., respondents.


John J. Ciafone, Astoria, NY, appellant pro se.
Emery Celli Brinckerhoff & Abady, LLP, New York, NY (Andrew G. Celli, Jr., and Samuel Shapiro of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for defamation, the plaintiff appeals from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered February 6, 2018. The order granted the defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for defamation, injurious falsehood, and intentional infliction of emotional distress, alleging, inter alia, that the defendants sent out defamatory campaign mailings during a primary election. The plaintiff alleged that the statements were defamatory and made with the intent to damage the plaintiff's profession as an attorney. Thereafter, the defendant moved pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action. In an order entered February 6, 2018, the Supreme Court granted the defendants' motion. We affirm.
Under the circumstances presented, including the plaintiff's brief delay in submitting opposition papers beyond the deadline, we agree with the plaintiff's contention that the Supreme Court should have considered his opposition to the defendants' motion.
Nevertheless, we agree with the Supreme Court's determination to grant the defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action. "In assessing the adequacy of a complaint under CPLR 3211(a)(7), the court must give the pleading a liberal construction, accept the facts alleged in the complaint to be true and afford the plaintiff 'the benefit of every possible favorable inference'" (J.P. Morgan Sec. Inc. v Vigilant Ins. Co., 21 NY3d 324, 334, quoting AG Capital Funding Partners, L.P. v State St. Bank & Trust Co., 5 NY3d 582, 591). "A court is, of course, permitted to consider evidentiary material submitted by a defendant in support of a motion to dismiss pursuant to CPLR 3211(a)(7)" (Sokol v Leader, 74 AD3d 1180, 1181; see CPLR 3211[c]). "If the court considers evidentiary material, the criterion then becomes 'whether the proponent of the pleading has a cause of action, not whether he [or she] [*2]has stated one'" (Sokol v Leader, 74 AD3d at 1181-1182, quoting Guggenheimer v Ginzburg, 43 NY2d 268, 275). "[B]are legal conclusions and factual claims which are flatly contradicted by the record are not presumed to be true" (Parola, Gross & Marino, P.C. v Susskind, 43 AD3d 1020, 1021-1022).
Here, the plaintiff failed to state a cause of action to recover damages for defamation, as either a reasonable reader would have believed the challenged statements expressed mere statements of opinion given the context in which they were made (see Melius v Glacken, 94 AD3d 959, 960), or the evidentiary materials submitted by the defendant demonstrated that the statements were nonactionable because they were substantially true (see Udell v NYP Holdings, Inc., 169 AD3d 954, 957). Further, the plaintiff failed to state a cause of action to recover damages for injurious falsehood, since he did not allege special damages (see DiSanto v Forsyth, 258 AD2d 497, 498). The plaintiff also failed to state a cause of action to recover damages for intentional infliction of emotional distress, since the challenged statements were not "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency" (Howell v New York Post Co., 81 NY2d 115, 122).
Accordingly, we agree with the Supreme Court's determination to grant the defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the complaint.
BALKIN, J.P., COHEN, MALTESE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court