VDRNC, LLC v Merrick (2021 NY Slip Op 00945)





VDRNC, LLC v Merrick


2021 NY Slip Op 00945


Decided on February 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


153 CA 20-00503

[*1]VDRNC, LLC, DOING BUSINESS AS VAN DUYN CENTER FOR REHABILITATION AND NURSING, PLAINTIFF-APPELLANT,
v
SARAH G. MERRICK, AS COMMISSIONER OF ONONDAGA COUNTY DEPARTMENT OF SOCIAL SERVICES, DEFENDANT-RESPONDENT. 






HINMAN, HOWARD & KATTELL, LLP, BINGHAMTON (COREY R. BARKLOW OF COUNSEL), FOR PLAINTIFF-APPELLANT.
MORGAN R. THURSTON, SYRACUSE, FOR DEFENDANT-RESPONDENT.


 Appeal from an order of the Supreme Court, Onondaga County (James P. Murphy, J.), entered April 1, 2019. The order granted the motion of defendant to dismiss the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, and the complaint is reinstated.
Memorandum: Plaintiff, a domestic corporation that operates a skilled nursing facility, commenced this action seeking a declaratory judgment or money damages for expenses it allegedly incurred in providing care for one of its residents after the resident was determined to be ineligible for Medicaid benefits during a penalty period of 11.74 months. Defendant moved to dismiss the complaint on the grounds, inter alia, that plaintiff failed to exhaust its administrative remedies and that the statute of limitations had expired.
We agree with plaintiff that Supreme Court erred in granting the motion and dismissing the complaint. It is well established that a skilled nursing facility such as plaintiff "may bring a plenary action in its own right against the agency designated to declare Medicaid eligibility" (Park Ridge Hosp. v Richardson , 175 AD2d 631, 631 [4th Dept 1991]; see Peninsula Gen. Nursing Home v Hammons , 247 AD2d 599, 599 [2d Dept 1998], lv dismissed 92 NY2d 836 [1998]). In such a plenary action, the facility is "not bound by the patient's failure to request an administrative appeal of the local agency's denial of medical assistance" or "by the four-month Statute of Limitations contained in CPLR 217" (Long Beach Mem. Nursing Home v D'Elia , 108 AD2d 901, 902 [2d Dept 1985]; see Peninsula Gen. Nursing Home , 247 AD2d at 599; Park Ridge Hosp. v Richardson , 147 Misc 2d 283, 286 [Sup Ct, Monroe County 1990], affd 175 AD2d 631 [4th Dept 1991]; see generally Bellanca v Grand Is. Cent. School Dist. , 275 AD2d 944, 944 [4th Dept 2000]). Although we offer no opinion whether the admission agreement entered into between plaintiff and the resident authorized plaintiff to commence a CPLR article 78 proceeding on behalf of the resident to challenge the denial of benefits during the penalty period, we conclude that there is nothing in the agreement that would vitiate plaintiff's right to commence its own plenary action.
Entered: February 11, 2021
Mark W. Bennett
Clerk of the Court