Scarlett-Brown v Pilgrim Baptist Church, Inc. (2022 NY Slip Op 04990)

Scarlett-Brown v Pilgrim Baptist Church, Inc.

2022 NY Slip Op 04990

Decided on August 17, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 17, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.

2019-09418
 (Index No. 500558/19)

[*1]Paula Scarlett-Brown, appellant,
v
Pilgrim Baptist Church, Inc., et al., respondents.

Frank Kojo Forson, Brooklyn, NY, for appellant.
The Chandler Law Firm, PLLC, Valley Stream, NY (Monte Chandler of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to impose a constructive trust on real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated April 11, 2019. The order, insofar as appealed from, granted those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the causes of action asserting promissory estoppel, constructive trust, and part performance of an oral agreement.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In January 2019, the plaintiff commenced this action, inter alia, to impose a constructive trust on real property (hereinafter the property) against, among others, the defendants Pilgrim Baptist Church, Inc. (hereinafter the Church), and Pastor Debora A. Crowe (hereinafter together the defendants). The plaintiff alleged, inter alia, that the Church had agreed to transfer the property to the plaintiff upon the death of her husband, the former pastor of the Church. The defendants moved, among other things, pursuant to CPLR 3211(a) to dismiss the complaint. In an order dated April 11, 2019, the Supreme Court, inter alia, granted those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the causes of action asserting promissory estoppel, constructive trust, and part performance of an oral agreement. The plaintiff appeals.
When a court considers evidentiary material on a motion to dismiss the complaint pursuant to CPLR 3211(a)(7) and the motion is not converted into a motion for summary judgment, the criterion becomes whether the plaintiff has a cause of action, not whether she has stated one (see Ciafone v Jobs for NY, Inc., 188 AD3d 980; Sokol v Leader, 74 AD3d 1180, 1181-1182). A defendant will succeed on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) where the evidence submitted in support of the motion shows that a material fact as claimed by the plaintiff is not a fact at all and no significant dispute exists regarding it (see Q & O Estates Corp. v US Bank Trust Nat'l Assoc., 175 AD3d 1337, 1338).
Here, the evidence submitted by the defendants established that the plaintiff's causes of action asserting promissory estoppel and constructive trust are not viable. Although promissory estoppel with respect to an oral agreement regarding a conveyance of real property may be an exception to the statute of frauds (see General Obligations Law § 5-703) upon a showing that [*2]application of the statute of frauds would result in unconscionability (see generally Matter of Hennel, 29 NY3d 487, 494-495), here, the plaintiff failed to assert any allegations that show a clear and unambiguous promise by the Church to convey the property to her upon which the plaintiff could have reasonably relied (see Rogowsky v McGarry, 55 AD3d 815, 817; see also Matter of Hennel, 29 NY3d at 494-495). The plaintiff also failed to allege facts sufficient to establish that a constructive trust should be imposed on the property (see Sharp v Kosmalski, 40 NY2d 119, 121; Harounian v Harounian, 198 AD3d 734, 737-738).
Similarly, the plaintiff's cause of action based on the doctrine of part performance is not viable. Contrary to the plaintiff's contention, she failed to allege facts to show that the doctrine is applicable here (see Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group, 93 NY2d 229, 235; Weiss v Halperin, 149 AD3d 1143, 1145).
Accordingly, the Supreme Court properly granted those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the causes of action asserting promissory estoppel, constructive trust, and part performance of an oral agreement.
In light of our determination, we need not reach the parties' remaining contentions.
DUFFY, J.P., MALTESE, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court