Kings Harbor Multicare Ctr. v Pierre (2022 NY Slip Op 06920)

Kings Harbor Multicare Ctr. v Pierre

2022 NY Slip Op 06920

Decided on December 7, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2020-00409
 (Index No. 608278/19)

[*1]Kings Harbor Multicare Center, appellant, 
v
Frances Pierre, etc., respondent.

Schwartz Sladkus Reich Greenberg Atlas LLP, New York, NY (Jeremy A. Knapp of counsel), for appellant.
Dennis M. Cohen, County Attorney, Hauppauge, NY (Leland S. Solon and Michael J. Petre of counsel), for respondent.

DECISION & ORDER
In an action for a judgment declaring that a resident of the plaintiff's nursing home was eligible for chronic care nursing home Medicaid coverage for the period February 7, 2013, through August 31, 2014, with an appropriate transfer penalty, the plaintiff appeals from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated November 26, 2019. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint is denied.
The plaintiff, an operator of a nursing home facility, commenced this action seeking a judgment declaring that one of its residents was entitled to Medicaid coverage for the period February 7, 2013, through August 31, 2014, with an appropriate transfer penalty. The defendant moved to dismiss the complaint on the grounds, inter alia, that the plaintiff failed to exhaust its administrative remedies, the statute of limitations had expired, and the plaintiff failed to join a necessary party. In an order dated November 26, 2019, the Supreme Court granted the motion. The plaintiff appeals.
The Supreme Court erred in granting the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint. "It is well established that a nursing home may, as here, bring a plenary action in its own right against the agency designated to determine Medicaid eligibility" (Peninsula Gen. Nursing Home v Hammons, 247 AD2d 599, 599; see VDRNC, LLC v Merrick, 191 AD3d 1430, 1431). In such a plenary action, the nursing home is "not bound by the patient's failure to request an administrative appeal of the local agency's denial of medical assistance" or "by the four-month Statute of Limitations contained in CPLR 217" (Long Beach Mem. Nursing Home v D'Elia, 108 AD2d 901, 902). Moreover, authorizations executed by the resident allowing designated employees of the plaintiff to represent him "during the Medicaid eligibility process" and during "any Fair Hearings" did not impair the plaintiff's right to commence its own plenary action (see VDRNC, LLC v Merrick, 191 AD3d at 1431; Long Beach Mem. Nursing Home v D'Elia, 108 AD2d at 902).
Contrary to the defendant's contention, the New York State Department of Health is not a necessary party (see CPLR 1001[a]).
BRATHWAITE NELSON, J.P., GENOVESI, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court