Kings Harbor Multicare Ctr. v Townes (2024 NY Slip Op 05093)

Kings Harbor Multicare Ctr. v Townes

2024 NY Slip Op 05093

Decided on October 16, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 16, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2022-09443
 (Index No. 66372/21)

[*1]Kings Harbor Multicare Center, appellant, 
v
Leonard G. Townes, etc., respondent.

Schwartz Sladkus Reich Greenberg Atlas LLP, New York, NY (Jeremy A. Knapp of counsel), for appellant.
John M. Nonna, County Attorney, White Plains, NY (Justin R. Adin of counsel), for respondent.

DECISION & ORDER
In an action for a judgment declaring that a resident of the plaintiff's nursing home was eligible for chronic care nursing home Medicaid coverage for the period of January 23, 2017, through May 8, 2017, the plaintiff appeals from an order of the Supreme Court, Westchester County (Lewis J. Lubell, J.), dated October 20, 2022. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint is denied.
The plaintiff commenced this action for a judgment declaring that a former resident of its nursing home was entitled to chronic care nursing home Medicaid coverage for amounts owed to the plaintiff for the period of January 23, 2017, through May 8, 2017. The defendant moved pursuant to CPLR 3211(a) to dismiss the complaint on the grounds, inter alia, that the plaintiff failed to exhaust administrative remedies, the statute of limitations expired prior to the commencement of this action, and the complaint failed to state a cause of action. The Supreme Court granted the motion. The plaintiff appeals.
The plaintiff correctly contends that the Supreme Court erred in characterizing this action as a proceeding seeking relief under CPLR article 78. "It is well established that a nursing home may, as here, bring a plenary action in its own right against the agency designated to determine Medicaid eligibility" (Peninsula Gen. Nursing Home v Hammons, 247 AD2d 599, 599; see Park Ridge Hosp. v Richardson, 175 AD2d 631). The plaintiff's "private financial interest in recovering expenditures rendered creates a relationship of purchaser and seller, thereby permitting it to bring a plenary action in its own right against the governmental agency designated to declare eligibility" (Long Beach Mem. Nursing Home v D'Elia, 108 AD2d 901, 901 [internal quotation marks omitted]; see Calvary Hosp. v D'Elia, 95 AD2d 817).
Furthermore, the plaintiff is not bound by the resident's failure to exercise his separate right to an administrative appeal of the denial of Medicaid benefits (see Kings Harbor Multicare Ctr. v Pierre, 211 AD3d 718, 719; VDRNC, LLC v Merrick, 191 AD3d 1430). Thus, the authorizations [*2]executed by the resident allowing the plaintiff to represent him "in all matters pertaining to [his] Medicaid Assistance application and follow up activities" did not impair the plaintiff's right to commence its own plenary action independent from the pursuit of administrative review (see Kings Harbor Multicare Ctr. v Pierre, 211 AD3d at 719).
"[I]nasmuch as [the] plaintiff was not bound by the administrative determination denying the [resident's] application for medical assistance, and has commenced a plenary action in its own right, [the] plaintiff is not bound by the four-month Statute of Limitations contained in CPLR 217" (Long Beach Mem. Nursing Home v D'Elia, 108 AD2d at 902). The claims asserted in this action, which seeks a declaratory judgment based in contract, are not time-barred (see CPLR 213[2]; Zwarycz v Marnia Constr., Inc., 102 AD3d 774; Stein v Garfield Regency Condominium, 65 AD3d 1126, 1127). Thus, the complaint was not subject to dismissal pursuant to CPLR 3211(a)(5).
"The elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance under the contract, the defendant's breach, and resulting damages" (Detringo v South Is. Family Med., LLC, 158 AD3d 609, 609). Contrary to the defendant's contention that there was no contract between the parties, the purchaser/seller relationship between a nursing home provider and the governmental agency designated to declare Medicaid eligibility is construed as a contractual relationship, the alleged breach of which gives rise to a breach of contract cause of action (see Matter of Peninsula Gen. Nursing Home v Sugerman, 44 NY2d 909; Long Beach Mem. Nursing Home v D'Elia, 108 AD2d 901).
The defendant's contention that the allegations in the complaint were nevertheless insufficient to state a cause of action is without merit. In considering a motion to dismiss pursuant to CPLR 3211(a)(7), the court is required to accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88). If the court considers evidentiary material on a motion to dismiss the complaint pursuant to CPLR 3211(a)(7), the criterion becomes whether the proponent of the pleading has a cause of action, not whether they have stated one (see Ciafone v Jobs for NY, Inc., 188 AD3d 980; Sokol v Leader, 74 AD3d 1180, 1181-1182). Here, the evidence submitted in support of the defendant's motion did not show that a material fact as claimed by the plaintiff is not a fact at all and no significant dispute exists regarding it (see Q & O Estates Corp. v US Bank Trust Nat'l Assoc., 175 AD3d 1337). Thus, the defendant was not entitled to dismissal of the complaint pursuant to CPLR 3211(a)(7).
Accordingly, the Supreme Court should have denied the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
BARROS, J.P., CHAMBERS, DOWLING and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court